## FOWLER VS. ADAMS.

The court will not reform a deed or other written instrument, except upon clear and satisfactory evidence that the instrument, through fraud or mistake in the execution thereof, fails to express the intention of the parties.

APPEAL from the Circuit Court for *Walworth* County.
*Winsor & Smith*, for appellant.
*N. S. Murphy*, for respondent.

. April 10.    *By the Court*, COLE, J.   This is an action to reform a deed. Among the covenants of the deed was one that the premises conveyed were free and clear from all incumbrances, " except a mortgage of seven hundred dollars, given to John Austin, which the party of the second part is to pay." It is alleged that this exception was inserted in the deed through mistake, and that the intention of the parties was that the premises should be conveyed clear of this incumbrance ; or at least that the respondent was to discharge it. There is considerable testimony in the case which tends to show that this was the understanding of the parties. On the other hand there are circumstances in the case which tend to establish an opposite conclusion, and which go to show that there was no mistake in the deed. But after a careful examination of the whole evidence, we cannot say that it clearly and satisfactorily appears to our minds that the exception was inserted through mistake. And this should appear before we would be authorized to reform the deed.

The counsel for the appellant admitted that this was the well settled rule of law in these cases. See the case of *Waterman vs. Dutton*, 6 · Wis., 265 ; *Newton vs. Halley*, id., 592 ; *Lake vs. Meacham* [*ante* p. 355], and the authorities there referred to.

It would be unprofitable to go into anything like a general discussion of the evidence. We do not propose doing so. But we may glance at a few of the more important facts attending the transaction, for the purpose of placing in a proper light our views of the case. It appears that the appellant, who was the grantee in the deed, was an illiterate man, who could neither read nor write. In his testimony he gives a full history of the negotiation and of the purchase and sale, stating the number of acres sold, the price per acre, consideration paid, &c. He states that he agreed to pay $40 per acre, and gave good notes and mortgages, which were taken by the respondent for the amount due on them at par; that his understanding was that the respondent was to pay the Austin mortgage ; and that he supposed he was getting the land free from that incumbrance. At the proposed rate, the land would amount to $4,700 ; and it appears that he delivered obligations to the respondent for something over that amount. In further explanation of his ignorance as to what the deed contained, he says that the deed was not all read over to him at the time of its execution and delivery, but only the first part of the same, and that the respondent prevented the reading of the entire deed by stating to the party who drew it, that they understood it, and that it was all right. The deed was then delivered and placed upon record, and it was some weeks before the appellant became aware of the fact that it excepted the mortgage, and contained a clause that he was to pay it. This, in substance, is the material part of the testimony of the appellant. And upon this point, that the deed was not all read over at the time of its execution and delivery, the testimony of the appellant is somewhat strengthened by that of Hanson, the scrivener, though the latter's recollection of the transaction is not very distinct and positive. Hanson swears rather to impressions than to clear recollections of facts. The respondent fully

and positively and distinctly contradicts the testimony of the appellant about there being a mistake, and says that the understanding was that *Fowler* was to pay the Austin mortgage. And it does appear that *Fowler* had knowledge of the existence of the mortgage at the time of the purchase, and it is a little strange that he took no steps to bind the respondent to discharge it. He certainly reposed a great degree of confidence in the respondent when he neglected to make any provision of this kind, and did not require the deed to be read, to see what it contained. We consider this a very strong circumstance against the accuracy of the appellant's testimony. There is some other testimony—not very important in our judgment—which goes to corroborate the statement of each one of the parties. But we think it all quite too slight and unsatisfactory to overcome the clear written contract of the parties, as expressed in the deed itself. We do not feel authorized to say that the exception was inserted in the covenants of this deed through accident or mistake.

The judgment of the circuit court must, therefore, be affirmed.