WHEELER and another, Executors, vs. CATLIN and others.

*Appeal to supreme court. What will be tried here.*

The judgment of the court below, construing the will of plaintiffs' testator, having been already reversed on the appeal of part of the defendants (*Wheeler v. Hartshorn*, 40 Wis., 83), and a dismissal of the present appeal, by other defendants from the same judgment, being asked on the ground that these appellants are *estopped* by various acts *in pais* from claiming that the executors have not fully administered the estate as to them, this court refuses to determine that question upon conflicting affidavits, and reverses the judgment as to these appellants also, without prejudice to any right of the executors, on the final settlement of their accounts, or in any appropriate proceeding, to avail themselves of the facts alleged in their affidavits here.

APPEAL from the Circuit Court for *Fond du Lac* County.

This appeal was taken by seven of the defendants from a judgment of the circuit court in the action. The case is sufficiently stated in the opinion.

Briefs were filed by *John C. Spooner* for the appellants, and by *Geo. E. Sutherland* for the respondents; and there was oral argument by *Mr. Spooner* and *I. C. Sloan* for the appellants, and *Mr. Sutherland* for the respondents.

LYON, J. This action was brought in the circuit court by the respondents to obtain a construction of certain clauses in the last will and testament of their testator, and all of the legatees named in the will are made defendants in the action.

The cause was formerly before us on the appeal of a portion of the defendants from a judgment of the circuit court giving construction to the clauses in question. On that appeal, this court reversed the judgment of the circuit court as to such appellants, and gave a different construction to those clauses. *Wheeler v. Hartshorn*, 40 Wis., 83.

This appeal is from the same judgment, and is taken by certain other defendants, to whom bequests are made in the will substantially like those to the former appellants. The clauses of the will in controversy, and all other material facts in the case, are sufficiently stated in the report of *Wheeler v. Hartshorn, supra.*

A motion to dismiss this appeal, founded on the affidavits of the respondents, was made and argued. The alleged grounds of the motion were, that some of the present appellants advocated and sustained the construction of the circuit court, while the others suffered default, and were content with that construction; and that, soon after the judgment of that court was rendered, and while it remained unreversed (perhaps before any appeal was taken from it), the appellants severally received from the respondents, in full payment of their respective legacies, bonds, notes, and mortgages, at their par value, to the

amount of such legacies. From these alleged facts it was claimed, that the estate is fully administered as to the appellants; that they have no further interest in the action; and hence that they cannot maintain this appeal.

The affidavits of several of the appellants were read in opposition to the motion, in which each of them denied, in substance, that he intended by the receipt of such securities, or agreed, to waive his right to appeal from the judgment of the circuit court, or to accept in full payment of his legacy less than he was entitled to under the will.

It was conceded by the learned counsel for the respondents, that, should the motion to dismiss the appeal be denied, the judgment must necessarily be the same as on the former appeal. Hence the argument was confined to the motion.

The question whether the present appellants, or any of them, have done acts which deprive them of the benefit of our construction of the will — acts which, as to them, will support the plea of *plene administravit* by the respondents,— is too grave to be decided on affidavits. It involves the determination of disputed facts, and demands a judicial trial, in which full opportunity to examine and cross-examine witnesses will be given all parties. We announced that opinion to counsel on the argument, and it remains unchanged. We therefore deny the motion, and we reverse the judgment of the circuit court as to these appellants on the same grounds that we reversed it as to the former appellants on their appeal.

It must be distinctly understood, however, that we make no ruling and intimate no opinion on the merits of the motion, or on the sufficiency or insufficiency of the grounds upon which we were asked to dismiss the appeal. On the final settlement of their accounts as executors, or in any appropriate proceeding, the respondents are left free to maintain, as against the present appellants or any of them, that they have fully administered the estate of their testator, or that the appellants

are estopped to assert that their legacies have not been fully paid, notwithstanding our judgment on this appeal.

*By the Court.* — Judgment reversed as to the appellants, and cause remanded with directions to the circuit court to render judgment in accordance with the opinion.

TAYLOR, J., took no part.