JANUARY TERM, 1880.          507

Catlin and others vs. Wheeler and another, Executors, and others.

CATLIN and others vs. WHEELER and another, Executors, and others.

*May 13 — May 27, 1880.*

*(1) Joinder of parties.   (2) Multifariousness.   (3, 4) Jurisdiction of circuit court in actions by legatees.   (5) When receipts in full not conclusive.*

1. Legatees named in a will, whose legacies depend upon the same right and would be affected alike by the judgment, may properly join as plaintiffs; while the executors and the legatees who controvert the plaintiffs' right, should all be made defendants.

2. A complaint of several legatees demanding that their right to the full legacies left to them by the will, be established, notwithstanding the payment to them of a part of such legacies upon the supposition that it was the whole, and a receipt in full given by them, is *held* not *multifarious*, all of said legatees being entitled to the same relief.

3. It is no objection to the maintenance of the action in the circuit court, that when the rights of the plaintiffs shall have been determined, the judgment will have to be executed by the county court in probate, in the manner directed by the statute.

4. The statute relating to the jurisdiction of county courts in the administration and settlement of the estates of deceased persons, in the absence of clear and unequivocal language to that effect, will not be construed as divesting the circuit courts of their equitable jurisdiction in the matter of legacies, though they confer a concurrent jurisdiction upon the county courts. *Brook v. Chappell*, 34 Wis., 405, and other cases in this court, adhered to upon this point.

5. After a determination, by judgment of the circuit court, of the several amounts to which plaintiffs were entitled as legatees, they received those amounts, and gave *receipts in full*. Afterwards they appealed from the judgment, which was reversed here, and a construction given to the will by which they were entitled to larger amounts. *Held*, that the receipts were not conclusive of their rights.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was originally brought by *Francis P., Theodore B.* and *William P. Catlin, Marguerite St. L. Loud, Caroline Loud* and *George Dart*, against *Charles F. Wheeler* and *Samuel Sumner*, executors of the last will and testament of Richard Catlin, deceased. The case made by the complaint is as follows:

Richard Catlin, late of Fond du Lac county, died testate May 20, 1874. Among other bequests in the will were the following: To the plaintiff *Francis P. Catlin*, $6,000 in bonds or notes and mortgages; to the plaintiff *Theodore B. Catlin*, $1,500 in bonds or mortgages; to the plaintiff *William P. Catlin*, $1,500 in coupon bonds; to the plaintiff *Marguerite St. L. Loud*, $1,000 in coupon bonds; to the plaintiff *Caroline Loud*, $1,000 in bond and mortgage of railroad company; to the plaintiff *George Dart*, $1,500 in bonds or notes secured ·by mortgages. The will was duly admitted to probate July 6, 1874; and on the 18th of the same month the executors named therein accepted the trust and duly qualified and entered upon the performanc、 of the will; and in the execution of said trust they took possession of the real and personal estate of their testator. The estate which thus came to their hands, was much more than enough to pay the debts and funeral expenses of the testator and the legacies and devises specified in the will, besides the costs and expenses of administration. Afterwards the executors made an inventory of the said real estate, and caused the same to be duly appraised, and filed the inventory and appraisal in the county court, as required by law. The personal estate consisted in

part of railroad and municipal bonds and other securities, which were of various values, and a large portion of which were greatly depreciated from their par value. Being in doubt as to the true intent and meaning of certain legacies and devises contained in the will, the executors commenced an action in the circuit court for Fond du Lac county to obtain a judicial construction of the will in respect to said legacies and devises; and in their complaint they alleged a construction of the same, and prayed the judgment of the court in accordance therewith. In that action the executors were ·plaintiffs, and all the legatees and devisees were defendants. In said action *Francis P. Catlin*, one of the present plaintiffs, filed an answer, in which he alleged, among other things, that the true intent and meaning of the bequests, in said ·will, of bonds and notes and mortgages, was that such securities were to be paid to the legatees at their face and not at their market value. The issues joined in said action by the plaintiffs therein and certain of the defendants, were tried by said court at the July term, 1875; and a decree was duly entered in the cause, October 18, 1875, by which it was adjudged, amongst other things, that the bequest of $6,000 in bonds or notes and mortgages to *Francis P. Catlin* entitled him to that amount in bonds or mortgages, or bonds or notes secured by mortgages, of the average value of all the bonds and mortgages, or bonds and notes secured by mortgages, owned by the testator at the time of his death (except a certain $5,000 note and mortgage specifically bequeathed), to be taken at their face and not at their cash values, and to be selected by the executors; that the bequests to *Theodore B. Catlin* and *George Dart* must each receive the same construction and be paid in the same manner as that just mentioned; that the bequests to *William P. Catlin* and *Marguerite St. L. Loud* entitled them to the sums bequeathed to them severally, in bonds of the average value of all the bonds held and owned by the testator at the time of his death, to be taken at their

face and to be selected by the executors; and that the bequest to *Caroline Loud* entitled her to the sum named therein in bonds of the average value, as near as might be, of the railroad bonds held and owned by the testator at the time of his death, to be selected by the executors. The decree directed the executors to make payment of said legacies in the manner above stated. Afterwards, within the time limited by law for taking an appeal, plaintiffs appealed from said decree to the supreme court of this state; and, upon the hearing of said appeal, that court held that the circuit court had erred in its construction of said bequests, and that it was the intent of the testator, by said bequests to these plaintiffs, to give them the sums named in the respective legacies, in value; that said legacies were general pecuniary legacies; and that if the securities named in said bequests should be insufficient to so pay the same, then said legatees should be entitled to receive the same out of the remaining estate of the testator. Thereupon the supreme court reversed the decree of the circuit court as to the legacies to these plaintiffs, and directed judgment to be entered pursuant to said opinion; and judgment was entered accordingly in the circuit court. After the entering of the erroneous decree in the circuit court, and before said appeal was taken, the executors, attempting to comply with the directions of said erroneous decree, paid over and delivered to these plaintiffs, respectively, certain bonds and moneys, the several amounts of which are specified. The executors took from the plaintiff *Francis P. Catlin* the following receipt: "Ripon, Wis., October 26, 1875. Received of *S. Sumner* and *Chas. F. Wheeler*, executors of the last will and testament of Richard Catlin, deceased, the sum of six thousand dollars in bonds, notes and mortgages in full for the amount of said bonds, notes and mortgages bequeathed to me by said Richard Catlin, deceased, according to said last will and testament now on file in the office of the county judge of Fond du Lac county, and also fifty-six dollars and sixty-seven cents interest on mort-

gages, and one dollar and ninety-nine cents interest on St. Jo. city bond.   F. P. CATLIN."   Defendants also took from each of the plaintiffs a receipt similar in form to the above.   At the time such receipts were taken and said payments made, *Francis P. Catlin* resided at the city of Ripon in Fond du Lac county, *Theodore B. Catlin* at Green Bay in this state, and all the other plaintiffs at various places named, in other states; and the business of taking said receipts and making said payments was transacted with each of the plaintiffs, except *Francis P. Catlin*, by mail, the receipts being signed and forwarded before the payments were made.   In making these payments the bonds were estimated by the executors at certain specified values, and were paid to plaintiffs as and for said values.   [The complaint specifies the values at which the several bonds were estimated, ranging from 22 to 70 cents on the dollar.]   The plaintiffs, however, have none of them been able, with due diligence, to realize from said bonds a sum equal to the amount for which they were so paid, but only a much less sum.   In making such payments, the executors intended to pay to the plaintiffs as and for their said legacies respectively, and, as they then supposed and believed, in full of the amounts they were entitled to receive, the following amounts in value, and no more:   To *Francis P. Catlin*, $3,900; to *Theodore B. Catlin*, $975; to *William P. Catlin*, $750; to *Marguerite St. L. Loud*, $500; to *Caroline Loud*, $370; and to *George Dart*, $975; and said items of bonds and cash so paid to plaintiffs respectively were in fact less in value than the sums so intended to be paid; and plaintiffs received said amounts respectively as being confessedly due to them in any event, and without prejudice to their right to recover the balance of their said legacies under a true construction of the will.   There was not, at the time said receipts were given and said payments made, nor at any other time, any agreement of settlement or compromise, or any other agreement between the plaintiffs or either of them and the

defendants, in respect of their said legacies, whereby the plaintiffs or either of them agreed to receive any less value than the full amount to which they were severally entitled under the will; nor was there any matter or thing in dispute between defendants and plaintiffs or either of them to be set- ·tled or compromised; and in giving said receipts plaintiffs did not intend, nor did they agree with defendants or with any person, to abate any portion of their said legacies, or to bar themselves from receiving the full amount which the testator intended them to receive; but at the time of giv- ing the receipts they supposed they were receiving all they were legally entitled to under the will. No one of the plaint- iffs has received from the defendants or otherwise any further payment on account of said legacies; and there are now due from the executors to the plaintiffs respectively out of said estate on account of said legacies certain specified amounts, with interest on each from May 20, 1875. Plaintiffs caused to be served on the executors due notice of the entry of said judgment on appeal, and afterwards, and before the com- mencement of this action, demanded from the executors pay- ments of said sums due them on account of said legacies; but the executors have wholly neglected and refused to pay any part of them. All the debts, legacies and devises of the testator have been paid by the executors out of the estate, ex- cept the said balances due these plaintiffs on account of their legacies respectively; and said executors have now remaining in their possession a large amount of assets belonging to the estate and properly applicable to the payment of said legacies, and much more than sufficient to pay the balances due thereon [which assets, with their several appraised values, are specified in the complaint, and consist wholly of lands or leases of or contracts for lands]. The executors have not filed their final account as such, and are still engaged in the execution of their trust. The specific relief sought is, the judgment of the court that plaintiffs are entitled to recover from the executors,

and out of the estate of their testator so remaining in their hands, certain specified sums respectively, being the same amounts previously alleged to be due them severally as the unpaid balances of their legacies.

The executors demurred to the complaint on the' grounds that it appeared from the face thereof, (1) that there was a defect of parties plaintiff, in that no one of the plaintiffs had any interest in the legacies ·bequeathed to the other plaintiffs, and no cause of action appeared in favor of the plaintiffs jointly; (2) that several causes of action had been improperly united; and (3) that facts were not stated sufficient to constitute a cause of action; and also on the ground that the court had no jurisdiction of the persons of the defendants or the subject of the action.    Afterwards *P. E. Catlin, Elizabeth* and *Clara Catlin* and *Louisa Kinney*, who were residuary legatees under the will, were let in to defend; and they united in the above demurrer.

The circuit court overruled the demurrer; and all the defendants appealed from the order.

For the appellants there was a brief signed by *Vilas & Bryant*, of counsel, and also by *E. L. Runals*, *C. A. Eldredge* and *Geo. E. Sutherland*, as attorneys, and also a separate brief by *C. A. & A. B. Eldredge*, attorneys for *P. E. Catlin;* and there was oral argument by *Wm. F. Vilas* and *A. B. Eldredge*.    The points made in the first named brief were substantially as follows:  1. That the circuit court had no jurisdiction of the action.    Treating it as an action at law, plaintiffs are in the attitude of a legatee who should sue an executor for the full amount of his bequest.    Our statute prohibits such an action to be brought until the county court, which is given exclusive jurisdiction of the settlement of estates of decedents, shall have made an order or judgment assigning to the legatee his portion.    R. S., secs. 3845, 3939–41; *Price v. Dietrich*, 12 Wis., 626.    It is difficult to see on what ground it can be contended that the action is in equity;

but if that be allowed, it is only where the county court cannot give an adequate remedy, that the circuit court retains any equitable jurisdiction. *Batchelder v. Batchelder*, 20 Wis., 452. And aside from the construction of wills, it is doubtful whether there is any original equitable jurisdiction in the circuit court in respect to the settlement of estates; the county court being held to possess plenary equitable as well as legal authority necessary to such settlements. R. S., sec. 2443; *Brook v. Chappell*, 34 Wis., 405. 2. That the claims of the different plaintiffs were several; they had no common interest in their several demands; each might sue independently; and the joinder of all the claims in one action was in violation of the statute. R. S., sec. 2647. If there be a confused notion that the action is equitable, as brought by several, it will be found to illustrate the vice of multifariousness. Story's Eq. Pl., §§ 272–4 et seq., 279. 3. That the complaint does not state a cause of action. (1) As already seen, no action lies by a legatee against an executor to recover a legacy or any part thereof, until after an order or judgment, made after all the debts of the estate have been paid, assigning the legatee's share to him. (2) The complaint shows that the only assets remaining in the hands of the executors consist of real estate. The statute provides that such real estate shall not be bound or in any way affected by any judgment against the executors, nor shall it be liable to be sold by virtue of any execution issued upon such judgment. R. S., sec. 3256. Sale of the real estate of deceased persons for the payment of debts and legacies can only be made under license of the county court pursuant to ch. 167, R. S. How then can it be adjudged that plaintiffs shall recover the alleged balances of their legacies in this action, or what beneficial end is to be subserved by it? *Price v. Dietrich, supra.* (3) The facts disclosed by the complaint show an accord and satisfaction with the executors for these several legacies, and an acquittance and discharge of the executors. Plaintiffs were not misinformed or under mistake,

but knew perfectly all the facts and circumstances affecting their rights. They acted under no duress or compulsion. They knew there was a serious and honest difference of opinion as to what their rights were. Either from a mistake of law in regard to those rights or from a desire to obtain the benefit of immediate possession of their bequests, they accepted from the executors, not a less sum of money than was their acknowledged due, but certain specific articles of unsettled and indefinite value, as being the full amount to which they were entitled, and they gave in consideration thereof a receipt in full of all their claims. Thus they took from the executors into their own hands a portion of the estate, which, if they had intended to contest further with the executors, would and should have remained in the hands of the latter, for the benefit and to the increase of the estate. There is no ground in law or in equity for undoing what was then done, and so disturbing the rights of others which grew out of their action. Inadequacy of consideration cannot be alleged. For the purposes of an accord and satisfaction no personal property except money is deemed to have a fixed value; it must be considered as of that value which the parties give it by their agreement. *Rogers v. Ingham*, L. R., 3 Ch. Div., 351; *Bristow v. Eastman*, 1 Esp., 174; *U. S. v. Child*, 12 Wall., 233; *Bank of U. S. v. Daniel*, 12 Pet., 32; *Bull v. Bull*, 43 Conn., 455; *Warren v. Skinner*, 20 id., 562; *Fuller v. Crittenden*, 9 id., 401; *Tucker v. Baldwin*, 13 id., 136; *Hurd v. Blackman*, 19 id., 177; *Bonnell v. Chamberlin*, 26 id., 492; *Caldwell v. Gillis*, 2 Porter, 526; *Kohn v. Zimmerman*, 34 Iowa, 544; *Tuttle v. Tuttle*, 12 Met., 551; *Small v. Sumner*, 6 Gray, 239; *Palmerton v. Huxford*, 4 Denio, 167; *Pierce v. Pierce*, 25 Barb., 243; *Lyon v. Richmond*, 2 Johns. Ch., 59; *Brown v. Feeter*, 7 Wend., 301; *Gaffney v. Chapman*, 4 Rob., 275; *Harris v. Story*, 2 E. D. Smith, 363; *Green v. Manuf'g Co.*, 1 N. Y. S. C., 5; *Good v. Herr*, 7 W. & S., 253; *McAninch v. Laughlin*, 13 Pa. St., 371; *Holbrook v. Blodget*, 5 Vt., 520; *Chesnut*

*v. Strong*, 1 Hill Ch. (S. C.), 122; *Ruby v. R. R. Co.*, 8 W. Va., 269; *Kercheval v. Doty*, 31 Wis., 476, 484.

In the brief of Messrs. *C. A. & A. B. Eldredge*, in support of the demurrer to the jurisdiction it was contended, 1. That sec. 3845, R. S., absolutely prohibited the commencement of this action.   2. That the county court had at least appropriate and plenary jurisdiction to grant any relief to which plaintiffs were entitled upon the facts stated, and therefore a court of equity should not entertain jurisdiction.   *Archer v. Meadows*, 33 Wis., 172, opinion of DIXON, J. (which upon this point is not opposed to that of the court); *Batchelder v. Batchelder*, 20 Wis., 452; *Willis v. Fox*, 25 id., 648; *Price v. Dietrich*, 12 id., 626; *Deery v. McClintock*, 31 id., 196; *Remington v. Foster*, 42 id., 608; *Whitney v. Monro*, 4 Edw., 5; Story's Eq. Pl., § 490; 3 Redfield on Wills, p. 309, pl. 24, § 40.   To the point that there was a misjoinder of plaintiffs and causes of action, they cited Story's Eq. Pl., §§ 76, 272, 278 note 1, 279; 1 Daniell's Ch. Pr., pp. 259, 302, 395; *Saxton v. Davis*, 18 Ves., 72; *Fellows v. Fellows*, 4 Cow., 700, 701, 705; *Brinkerhoff v. Brown*, 6 Johns. Ch., 152; and they contended that the rule as to joinder of plaintiffs, however fluctuating in the practice of courts of equity before the statute, is rendered fixed and imperative by sec. 2602, R. S.   They further argued that where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action, the complaint is demurrable for insufficiency of facts.   In further support of the demurrer on the last named ground, they argued, 1. That the complaint shows a settlement and receipt in full, releasing the very claim upon which it is sought here to recover; and that such a receipt, executed by the plaintiffs with proper knowledge of the facts and without any claim of fraud or mistake, is conclusive upon them, and is a full and sufficient release by them of all claims against the estate.   *Levi v. Karrick*, 13 Iowa, 349; *Fuller v. Crittenden*, 9 Conn., 401; *Elting v. Sturtevant*, 41 id., 183.   2. That the plaintiffs,

having taken advantage of a decree of a court of competent jurisdiction, and under that decree receipted in full, are estopped from claiming anything by reason of a subsequent appeal from that decree. *Pulling v. Supervisors*, 3 Wis., 341; *Karber v. Nellis*, 22 id., 218; *State v. Langer*, 29 id., 68; *Pratt v. Page*, 18 id., 342; *Cogswell v. Colley*, 22 id., 899; *Vail v. Remsen*, 7 Paige, 206; *Bennett v. Van Syckel*, 18 N. Y., 481; *Glackin v. Zeller*, 52 Barb., 152; *Ruckman v. Alwood*, 44 Ill., 183; *Holt v. Rees*, 46 id., 181; *Burton v. Brown*, 22 Gratt., 1; *Radway v. Graham*, 4 Abb. Pr., 468; *Lewis v. Ins. Co.*, 15 id., 140, note; *Kelly v. Bloom*, 17 id., 229; *Lupton v. Jewett*, 19 id., 322; *Thompson v. Howard*, 31 Mich., 309.

For the respondents there was a brief signed by *I. C. Sloan* and *J. C. Spooner*, of counsel, with *C. L. Catlin* and *J. J. Foote*, respondents' attorneys, and oral argument by *Mr. Sloan* and *Mr. Catlin*. They contended, 1. That the circuit court had jurisdiction of the action. The jurisdiction of courts of equity over the settlement of estates and suits for legacies is well established. 1 Story's Eq. Jur., § 593 and cases there cited; Willard's Eq., 499, 560; 2 Redfield on Wills, 312; *McLachlan v. Staples*, 13 Wis., 448; *Glasscott v. Warner*, 20 Wis., 654; *Bassett v. Warner*, 23 id., 673; *Willis v. Fox*, 25 id., 646; *Brook v. Chappell*, 34 id., 405; *Salter v. Williamson*, 2 N. J. Eq. (1 Green), 480; *Parsons v. Parsons*, 9 N. H., 309; *Hill v. Rockingham Bank*, 44 N. H., 567; *Pardoe v. Price*, 16 M. & W., 458; *Mahar v. O'Hara*, 9 Ill. (4 Gilm.), 424; *Talliaferro v. Thornton*, 6 Call, 21. The jurisdiction of chancery in regard to legacies is a part of its jurisdiction over trusts. *Lark v. Linstead*, 2 Md. Ch., 162; *Saxon v. Barksdale*, 4 Desauss., 522; *Boone v. Fraser*, 3 id., 88. The circuit court acquired jurisdiction over suits of this nature from the constitution; and that jurisdiction has never been taken from it; and the jurisdiction of the county court in such cases is con-

current only. *Glascott v. Warner* and *Brook v. Chappell*, *supra; Wheeler v. Catlin*, 44 Wis., 464. Sec. 3845, R. S., which provides that no action shall be commenced against an executor or administrator excepting actions for the recovery of specific property, or to establish, enforce or foreclose a lien, etc., relates only to claims or demands of creditors which existed against the decedent, as is apparent from the context and from other provisions of the statutes. See ch. 141 and secs. 3926, 3940, R. S. The claim for a legacy is not against the decedent, but purely an equitable claim against the estate coming to the hands of his executors; and in regard to such claims the jurisdiction of chancery is paramount. *King v. Ex'rs of Berry*, 3 N. J. Eq. (2 Green), 44. The order of the circuit court, now of record under the mandate of this court, directs the executors to pay plaintiffs their legacies in full according to the construction placed thereon by this court; and their sole defense to a compliance with this order is a plea of estoppel. Is the county court the proper forum for the adjudication of questions of estoppel and of the validity and effect of receipts and settlements? 2. That there was no misjoinder or multifariousness. *McLachlan v. Staples*, 13 Wis., 448; *Bassett v. Warner*, 23 id., 673; *Lentilhon v. Moffat*, 1 Edw., 451; *Shields v. Thomas*, 18 How., 253; *Blackett v. Laimbeer*, 1 Sandf. Ch., 366; *Fellows v. Fellows*, 4 Cow., 710; *Kunkel v. Markell*, 26 Md., 390; *People v. Morrill*, 26 Cal., 336; *Bowers v. Keesecher*, 9 Iowa, 422; *Bd. of Sup'rs, etc., v. Walbridge*, 38 Wis., 179; *Payne v. Hook*, 7 Wall., 425; *Foss v. Haynes*, 31 Me., 81. 3. That the complaint stated a good cause of action, and there was no estoppel. *Horton's Appeal*, 38 Pa. St., 294; *Nicholson v. McGuire*, 4 Cranch C. C., 194; *Bixler v. Kunkle*, 17 S. & R., 293; *Whitman and Geisinger's Appeal*, 4 Casey, 376; *Rapp v. Rapp*, 6 Pa. St., 45; *Harris v. Ely*, 25 N. Y., 138; *Ryan v. Ward*, 48 id., 204; *Bliss v. Schwarts*, 65 id., 444; *Schanck v. Arrowsmith*, 9 N. J. Eq., 314; *Wilson v. Ex'rs of Fisher*,

Catlin and others vs. Wheeler and another, Executors, and others.

5 id., 493; *Pennington v. Ex'rs of Fowler*, 7 id., 343; *Wheeler v. Smith*, 9 How. (U. S.), 55; Parsons on Con. (6th ed.), 617.

ORTON, J.    This suit is properly brought jointly by the legatees whose legacies depend upon the same right, and would be alike affected by the judgment.    All of the legatees and the executors are necessary parties to such a suit, either as plaintiffs or defendants, because interested in the subject matter of the litigation; and those who seek the same relief are properly made plaintiffs, and those who controvert their right to the relief demanded are properly made defendants.    These propositions are too obvious to admit of argument, and are sanctioned by elementary authority, as well as by the uniform decisions of this and other courts.    Story's Eq. Plead., §§ 103, 104; *McLachlan v. Staples*, 13 Wis., 458; *Bassett v. Warner*, 23 Wis., 673; *Lentilhon v. Moffat*, 1 Edw. Ch., 451; *Shields v. Thomas*, 18 How., 253.

The relief demanded by the plaintiffs is, that their right to the full legacies made to them by the will be established notwithstanding the payment to them of a part only of such legacies upon the supposition and understanding that it was the whole, and a receipt in full given therefor by them.

That such a complaint is not multifarious, when each legatee is entitled to the same identical relief, is too plain to be questioned.    The nature of the relief demanded also disposes of another question, viz.: that the payment of these legacies, or the residue of them unpaid, cannot be enforced by the circuit court, when so established, by ordering a sale of the lands — the only remaining property of the estate — and converting them into assets and a fund for that purpose.    It is sufficient to say that no such judgment is asked.    When the rights of the parties have been adjudicated and determined by the proper judgment in this case, the county court, sitting in probate, may proceed, at the instance of these plaintiffs or the execu-

tors, to execute such judgment in the manner directed by the statute.

As to the jurisdiction of the circuit court in equity in such a case, the statute and its various provisions relating to the jurisdiction of county courts of the administration and settlement of estates of deceased persons, need not be specially recited and particularly considered; but, once for all, it may be said that the statute, in any of its provisions, will not bear any such construction as to divest the circuit court, as a court of equity, of jurisdiction of a suit of this nature. The jurisdiction of a court of chancery of the execution of trusts, and the payment of legacies which are in the nature of trusts, has been too long exercised to be now questioned; and no court except one of plenary and general jurisdiction in equity, and governed by the established rules and practice of such courts, can so well and so fully exercise it in such a case, to the end sought. It has already been decided by this court that the county courts have jurisdiction in such matters concurrent with the circuit court, or court of chancery proper, by force of the statute; but it will require the strongest, clearest and most unequivocal language of the statute to make such a jurisdiction of the county courts in probate exclusive, and no such language is found in the present statute.

But, without further discussion, this court has virtually decided the question in *Brook et al. v. Chappell*, 34 Wis., 405, where legatees under the codicil of a will sought to have their legacies established by proof of such codicil, in the county court. Chief Justice Dixon, in discussing the jurisdiction of the county court in such a case, uses the terms " county court " and " court of chancery " in contradistinction, as separate courts, and the terms " court of chancery " or " equity " as the circuit court, and then says: " It (the county court) may grant equitable relief, or enforce a trust in a case of this nature, *the same as a court of equity; and, although the jurisdiction of a court of equity still exists*, it does not oust that of the county

court in a proper case. The doctrine of equitable estoppel may be recognized, and its principles enforced, as well by the county court *as by the court of chancery, the jurisdiction of the latter being concurrent merely*, in any matter pertaining to the settlement, of the estates of deceased persons."

This decision on the point in question, and this distinction between the courts as a county court and a court of equity, are recognized and approved by Mr. Justice LYON in *Appeal of Edward Schaeffner*, 41 Wis., 260.

In *Wheeler et al. v. Catlin et al.*, 44 Wis., 464, this court refused to take cognizance of the matters of this suit, on motion to dismiss the appeal; and in the opinion of Mr. Justice LYON it is said: "*On the final settlement of their accounts as executors, or in any appropriate proceeding*, the respondents are left free to maintain, as against the present appellants or *any of them, that they have fully administered the estate of their testator*, or that the appellants are estopped to assert that their legacies have not been fully paid, notwithstanding our judgment on this appeal." Here, the proper proceeding before the county court is upon the final settlement of the accounts of the executors, "and any appropriate proceeding," in contradistinction to this method of procedure in the county court, must be in a court of equity; and to such a proceeding it was intended to refer the rights of these plaintiffs at their election. This meaning is the more. obvious by the previous language of the opinion: "It involves the determination of disputed facts, and demands *a judicial trial*, in which full opportunity to examine and cross-examine witnesses will be given to all parties."

The plaintiffs in this suit may have very properly considered themselves encouraged to bring their suit in this form in the circuit court or court of equity, by these intimations of this court in that case. Whether the statute making the jurisdiction of the county courts exclusive ought to be so construed as to relate only to the presentation of claims, prop-

erly so called, against deceased persons, and not to include actions of any other nature, as contended by the learned counsel of the respondent, we do not decide, because we are not called upon to decide a question so broad and comprehensive; but we do decide that, as to such matters of legacy and trust as are embraced in this suit, the jurisdiction of the circuit court is not taken away by the statute.

The only remaining question is, the conclusiveness of the receipts *in full* given by the legatee plaintiffs to the executors, upon the *actual* receipt by them of only a part of their legacies given by the will, according to the construction of the will and the determination of the amount of such legacies by this court on appeal. The legacies of the plaintiffs were paid in manner and amount strictly according to their determination and the construction of the will by the circuit court before any appeal from such judgment of construction was taken to this court, and while such judgment was in full force and effect, and binding upon the executors and other parties in the suit, including these plaintiffs. According to such judgment these legacies were at the time actually and lawfully paid in full, and the receipts in such terms were accordingly and properly so given. They were given in view and in consideration of such judgment, and predicated upon it, and induced by it; and it was the understanding of all of the parties at the time that they were paid in full and according to the will of the testator. Thereafter an appeal was taken from said judgment to this court, and such judgment of construction of the will was reversed, and another construction of it ordered, by and according to which decision it was made manifest for the first time that these plaintiffs had received less than they were entitled to have under the will, and their legal right to the residue was adjudicated and established. The other legatees, who had received nothing under the first construction of the will by the circuit court, have received their legacies in full according to

the construction of the will so ordered by this court. The plaintiffs now ask that their right to the residue of their legacies, so determined by this court in the construction of the will, be established, notwithstanding these receipts.

Under such circumstances, are these receipts in full conclusive of their rights? It is obvious at a glance that these receipts were not given in *settlement* of their legacies, or for the purpose of a settlement of them; for their rights had been adjudicated and settled by a court of competent jurisdiction, and such settlement had been recognized up to that time by all parties, and there was nothing left open for settlement by the parties themselves. It is equally obvious that these receipts were not given in *compromise* of a disputed or questionable claim; for nothing was then in dispute or questionable, but fixed and certain, and there was nothing to form the basis of a compromise. The receipts were given with the understanding that they had received all that they were then entitled to, or would be entitled to, under and according to the will. The subsequent decision and construction of the will by this court reversed and destroyed the effect of the decision and construction of the will by the circuit court, and materially changed, if they did not utterly destroy and remove, the very basis, foundation and consideration, and the only inducement, of these receipts in full.

To hold these receipts *conclusive* under such circumstances would be a judicial wrong and injustice without a parallel, and a perversion of equitable judgment by a court of chancery without a precedent. There is no such sacredness, or rather sacrilege, about a mere receipt, which is never to be held conclusive if there is any good legal reason that it be held otherwise, and which is always subject to explanation and construction, in view of the circumstances under which it is given. The law is, " that the payment of a part of a debt, or of liquidated damages, is no satisfaction of the whole debt, even when the creditor agrees to receive a part for the whole,

and gives a receipt for the whole demand." The only exception is when the payment of the part is in *compromise* of the whole, which is in dispute, and we have seen that this was not the case here. 2 Parsons on Con., 614. "A receipt for money is peculiarly open to evidence," and may always be explained. 2 Parsons on Con., 554.

There is far greater reason to hold these receipts not conclusive in this case than there was for holding similar receipts *in full* not conclusive in *Butler v. The Regents of the University*, 32 Wis., 124; *Smith v. Schulenberg*, 34 Wis., 41; and *Woodman v. Clapp*, 21 Wis., 350. The demurrer to the complaint was properly overruled.

*By the Court.*—The order of the circuit court is affirmed, with costs.

TAYLOR, J., took no part.