# CASES DETERMINED

## *January Term, 1898.*

---

### MILLER, Respondent, vs. DRANE, Appellant.

*May 7 — May 24, 1898.*

*Equity: Construction of wills: Remedy at law.*

1. A written obligation, by which a husband agreed that a sum of money received from his wife should be repaid to her at his death or at any time prior thereto on demand by her, was by the will of the wife given to her sister with a direction that the latter should not enforce payment of the same during the husband's lifetime, except so far as to require annual payment thereon to prevent the running of the statute of limitations. The will also gave to the sister all promissory notes held by the testatrix, but directed that the sister should not enforce payment from the husband on any notes executed by him to the testatrix, except payment of sufficient thereof to prevent the running of the statute of limitations thereon, and that said notes and the obligation above mentioned should be presented as a claim against his estate after his death; and it was stated that the object of the testatrix was in part to shield her husband from being harassed or embarrassed by said notes and obligation during his lifetime. *Held,* that the legatee might maintain an equitable action in the circuit court for the construction of the will and for general relief, in which the court might determine what payments, if any, should be required to prevent the running of the statute of limitations, and might enforce such payments, and give such other directions as might be necessary to carry out the purposes of the will.

2. To exclude the exercise of the equitable functions of the court on the ground that there is a remedy at law, that remedy must be as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity.

APPEAL from an order of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge.  *Affirmed.*

· The appeal is from an order overruling the defendant's demurrer to the plaintiff's complaint in an action for the construction of a will, the objection to the complaint being that it did not state facts sufficient to constitute a cause of action.

For the appellant the cause was submitted on the brief of *J. M. Becker.*

For the respondent there was a brief by *J. D. Dunwiddie,* and oral argument by *B. F. Dunwiddie.*

PINNEY, J.   Sarah Drane, the wife of the defendant, *Hiram Drane,* died at Monroe, Wis., October 7, 1891, leaving her last will and testament, which was duly admitted to probate in the county court of Green county, November 19, 1891. The plaintiff, a sister of the testatrix, was her principal legatee, the defendant, *Hiram Drane,* being a beneficiary of a part of the estate during his lifetime.  In the will of the testatrix are found the following provisions:   "*First.* I give, devise, and bequeath to my sister *Indiana Miller* one certain obligation in writing, bearing date the 8th day of September, A. D. 1885, executed by my husband, *H. Drane,* to me for the payment of the sum of $2,000, which sum was borrowed by him of me for the purpose of building the house in which we now reside; and I direct that she do not enforce the payment of the same during the lifetime of him (said *Hiram Drane*), except so far as to require annual payment thereon to prevent the running of the statute of limitation thereon.   *Second.* I give, devise, and bequeath to my said sister *Indiana Miller* all the residue and remainder of my estate, both real and personal, including all of my promissory notes, mortgages, household goods, and furniture, and all other property, of whatsoever name or description, and wheresoever the same may be situated; but I will and direct

that my said sister do not enforce payment from my said husband, *Hiram Drane*, of any notes executed by him to me during his lifetime, except the payment of sufficient thereof to prevent the running of the statute of limitations thereon, and that said notes, together with the obligation mentioned in the first clause hereof, be enforced and presented as a claim against his estate after his death, my object being in part to shield him from being harassed or embarrassed by said notes and obligation during his lifetime."

For the $2,000 mentioned in the first clause, the defendant executed to his said wife, Sarah Drane, a memorandum in writing, as follows: "Whereas, I, *Hiram Drane*, having received of my wife, Sarah Drane, the sum of two thousand dollars, which I have invested and used in building and erecting a dwelling house on lot 5 in Tallman's addition in the city of Monroe, and agree that the same is to be repaid to her at my death by my heirs, executors, and administrators, *or at any time prior thereto on her making a demand for the same.* [Signed] H. DRANE." In the first and second clauses of the will of the testatrix, and in reference to this $2,000, she used the following language: "I direct that she [*Indiana Miller*] *do not* enforce the payment of the same [the $2,000] during the lifetime of him, said *Hiram Drane*, except so far as to require annual payment thereon to prevent the running of the statute of limitation thereon." After again directing a payment to prevent the running of the statute of limitation, the further direction is given: "And that said notes, together with the obligation mentioned in the first clause hereof, be enforced and presented as a claim against his estate after his death, my object being in part to shield him from being harassed or embarrassed by said notes and obligation during his lifetime." It was to have these clauses in the will construed that this action was brought, and to get the advice and direction of the court as to what was proper to be done by the plaintiff, and what

her duty was under such clauses as a residuary legatee, and what the duty of the defendant was who has the use thereof during his lifetime.

The deceased, Sarah Drane, could have demanded the money any time during her lifetime, but she did not make the demand, and in the will she imposed restrictions on *Indiana Miller*, the legatee, taking away the right to demand the whole of the money. The plaintiff claims that all these restrictions and directions, taken together, are doubtful and ambiguous, and not clear and precise, and that she has the right to obtain an equitable construction of them. She contends and sets out in her complaint that this fund became a trust in the hands of the defendant, *Hiram Drane*, for his own benefit and that of his wife during her lifetime. Has the wife, by her will, changed the rights of the defendant after her death? The will states that the plaintiff is to require of the defendant an annual payment to prevent the running of the statute of limitation. Could a court of law carry out this direction without a multiplicity of suits and necessarily harassing the defendant? A court of equity could, by decree, fix an amount to be paid annually, and enforce its payment each year, without commencing a new action for that purpose. If the plaintiff should omit to require the defendant to make these annual payments, would the statute of limitations run, and how would it affect her rights under the will? If the defendant is required to make an annual payment, how much should he pay? The defendant claims that the plaintiff is restricted by the will from collecting the $2,000 obligation during the lifetime of the defendant, and is also restricted from harassing the defendant by suit; yet she is directed to enforce an annual payment. These several directions made by the testatrix are clearly questions calling for interpretation by a court of equity. In order to exclude the exercise of the equitable functions of the court, it is not enough that there is a remedy

at law, but it must be plain and adequate, or, in other words, as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity. *Gullickson v. Madsen*, 87 Wis. 19. Jurisdiction in equity will be sustained when time, expense, and a multiplicity of suits will be saved by it, and the rights of all concerned will be settled in one litigation. Plaintiff's complaint contains a prayer for general relief, and a court of equity has jurisdiction to grant relief in form and effect to prevent a multiplicity of suits, and can enter a decree fixing the amount to be paid by the defendant annually, which is not named in the will, and enforce such annual payment without commencing a new action. It can further decide whether it was necessary to pay anything to prevent the statute from running against the obligation mentioned in the complaint, and can give such further and other directions as may be necessary to carry out the purposes of the will. The plaintiff is without any remedy at law to recover any part of the indebtedness for any purpose. No part of the money becomes due until the death of the defendant *Drane*. An action at law would be barren of any substantial result until the death of the defendant, when the remedy might be had by the plaintiff against the defendant's heirs, executors, or administrators.

The jurisdiction of courts of equity for the construction of wills and giving directions in respect to the execution of them has long been established and well understood, and devolves upon the circuit court in all proper cases, as a part of its proper constitutional jurisdiction, particularly in cases of trust. It is said that the jurisdiction of equity over trusts gives it authority to construe wills whenever necessary to guide or control the action of a trustee, and any person interested in a trust may apply to the court for a construction of the will, and direction as to the trust. It is by reason of the jurisdiction of the court of chancery over trusts that courts having equity powers, as incident to that jurisdiction,

take cognizance of, and pass upon, the interpretation of wills. 1 Beach, Mod. Eq. Jur. § 210. They do not take jurisdiction of actions brought solely for the construction of instruments of that character, and when only legal rights are in controversy. As said by FOLGER, J., in the case of *Bailey v. Briggs*, 56 N. Y. 413: "It is when the court is moved in behalf of an executor, trustee, or *cestui que trust*, and to insure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in the will. The jurisdiction is incidental to that over trusts." In 2 Story, Eq. Jur. § 1058, it is said: "In whatever way, or for whatever purpose, or in whatever form, trusts arise under wills, they are exclusively within the jurisdiction of courts of equity. Indeed, so many arrangements, modifications, restraints, and intermediate directions are indispensable to the due administration of these trusts that, without the interpretation of courts of equity, there would in many cases be a total failure of justice." Mr. Pomeroy, in treating of the construction and enforcement of wills (3 Pom. Eq. Jur. § 1155), says: "Under its general jurisdiction over trusts, a court of equity has also the power to construe and enforce wills of real as well as of personal property, so far as they create, or their dispositions involve the creation of, trusts." In *Catlin v. Wheeler*, 49 Wis. 520, speaking of an objection to the jurisdiction of the court in a somewhat similar case, this court said: "As to the jurisdiction of the circuit court in equity in such a case, the statute and its various provisions relating to the jurisdiction of county courts of the administration and settlement of estates of deceased persons need not be specially recited and particularly considered; but, once for all, it may be said that the statute, in any of its provisions, will not bear any such construction as to divest the circuit court, as a court of equity, of jurisdiction of a suit of this nature. The jurisdiction of a court of chancery of the execution of trusts,

and the payment of legacies which are in the nature of trusts, has been too long exercised to be now questioned; and no court except one of plenary and general jurisdiction in equity, and governed by the established rules and practice of such courts, can so well and so fully exercise it in such a case, to the end sought. It has already been decided by this court that the county courts have jurisdiction in such matters concurrent with the circuit court or court of chancery proper, by force of the statute; but it will require the strongest, clearest, and most unequivocal language of the statute to make such a jurisdiction of the county courts in probate exclusive, and no such language is found in the present statute." *Brook v. Chappell*, 34 Wis. 405; *Heiss v. Murphey*, 43 Wis. 47. The same jurisdiction was exercised in *Van Steenwyck v. Washburn*, 59 Wis. 483.

As to the question of jurisdiction, there does not seem to be any well-founded doubt. The will in question was, it appears, a will of both real and personal estate; and the plaintiff, the executrix, was a sister of the testatrix and her principal legatee, and the defendant was to be a beneficiary of a part of the estate during his lifetime. It may well be that the provision that was made in her will for the plaintiff, her sister, materially modified the memorandum of agreement given to her by the defendant. It was a condition imposed upon the plaintiff in respect to said obligation, or of any notes the defendant, *Hiram Drane*, had executed to the testatrix in her lifetime, that payment should not be enforced by the plaintiff against the defendant during his lifetime, except the payment of sufficient to prevent the running of the statute of limitations thereon, and that said notes, together with the obligation mentioned in the first clause of the will, be enforced and presented as a claim against his estate after his death, the object of the testatrix being, as expressed in said will, in part, to shield him from being harassed or embarrassed by said notes and obligation

during his lifetime.   We therefore find no difficulty in hold-
ing that the court has jurisdiction to entertain the present
action, and to construe and determine the meaning and ef-
fect of the will of Sarah Drane, and that the demurrer to
the plaintiff's complaint was rightly overruled.

*By the Court.*— The order appealed from is affirmed.