MILLER, Respondent, vs. DRANE, imp., Appellant.

*May 13—June 10, 1904.*

*Fraudulent conveyances: Creditors' action: Judgment construed.*

A judgment, rendered in an action to construe a will, that the plaintiff is the lawful owner of an obligation of the husband of the testatrix to repay money borrowed from her, that no part of it has been paid, that it does not become due and payable or enforcible until the husband's death, and that the statute of limitations does not run against it during his life, is not in any sense a judgment for money against the husband or a lien upon his real estate. The plaintiff is therefore, at most, a mere general creditor of the husband and cannot maintain a creditor's action to set aside as fraudulent conveyances of real estate by him.

APPEAL from an order of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

This is an action in equity to set aside certain conveyances of real estate and to obtain other equitable relief on the ground that the conveyances were made in fraud of the plaintiff's rights as a creditor. The complaint alleges that the appellant, *Drane,* in September, 1885, was the owner of several lots in the city of Monroe, and that on the 8th day of the last-named month his then wife, Sarah Drane, loaned to him $2,000 to be used in building a dwelling house on one of said

lots, and that said *Drane* then executed and delivered to his said wife the following written obligation, to wit:

"Whereas I, *Hiram Drane,* having received of my wife, Sarah Drane, the sum of two thousand dollars which I have invested in building and erecting a dwelling house on Lot 5 in Tallman's addition in the city of Monroe, and agree that the same is to be paid to her at my death by my heirs, executors and administrators, or at any time prior thereto on her making a demand for the same.

"Dated September 8, 1885.          H. Drane;"

that thereafter said *Hiram Drane* and his said wife occupied said house as a homestead until the death of said Sarah Drane, October 7, 1891; that said Sarah Drane left a last will, which was afterwards duly probated, in which she devised said written obligation to the plaintiff, subject to the condition that *Hiram Drane* was to have the use of said $2,000 during his lifetime. The complaint then states further the bringing of an action by the plaintiff against the defendant *Drane* to construe said will and obligation in the year 1896, the joining of issue in said action by a demurrer to the complaint, and the decision in this court upon said demurrer in 100 Wis. 1, 75 N. W. 413, and further that when said action was returned to the circuit court judgment was rendered by such circuit court, by which it was adjudged that the present plaintiff was the lawful owner of said obligation, that no part of it has been paid, that it did not become due, payable, or enforcible until the death of *Hiram Drane,* and that the statute of limitations does not run against it during his lifetime. The complaint further states that the plaintiff now holds and owns said written obligation, and then charges that the appellant, *Hiram Drane,* together with the other defendant, J. H. Babcock, after the entry of said last-named judgment, entered into a conspiracy for the purpose of disposing of all the property of said *Hiram Drane,* in order to hinder and defraud the plaintiff from ever recovering any part of said $2,000, and in pursuance of said conspiracy

said *Hiram Drane* conveyed the said real estate to said Babcock, making a secret fraudulent arrangement by which Babcock was to pay to *Drane* a certain annuity during his life; that the plaintiff had not learned of said conspiracy until December, 1902. Judgment was demanded setting aside the alleged fraudulent sales; requiring the defendants, *Drane* and Babcock, to account for the said $2,000; and asking for the appointment of a trustee to receive said $2,000, and hold the same pending a decision in this action.

The defendant *Hiram Drane* separately demurred to this complaint on the ground that the same did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and said defendant appeals.

*J. L. Sherron,* for the appellant.

For the respondent there was a brief by *J. D. Dunwiddie* and *A. S. Douglas,* and oral argument by *Mr. Dunwiddie.*

WINSLOW, J. The trial judge rightly says in his opinion filed in this case that, if the plaintiff be a mere general creditor, it must be conceded that she could not maintain this action. Authorities need not be cited in support of this proposition. But he concluded that she was in some sense a judgment creditor by virtue of the judgment in the previous action, and hence was able to attack the alleged fraudulent transfers by creditors' bill.

We are unable to agree with this proposition. The previous action was brought to construe the terms of the will of Sarah Drane and determine its effect upon the $2,000 obligation in question; and this court determined, in effect, that under the terms of the contract as modified by the will no'part of the money would become due until the death of *Hiram Drane;* that hence the statute of limitations did not run, and the indebtedness could not be recovered, until the death of *Hiram Drane,* when the remedy might be had against his estate. *Miller v. Drane,* 100 Wis. 1, 75 N. W. 413. It appears by the

complaint that, when the action was thereafter tried in circuit court, a judgment was rendered to the effect that the present plaintiff was the lawful owner of the obligation, that no part of it had been paid, that it did not become due and payable or enforcible until the death of *Hiram Drane,* and that the statute of limitations does not run against it during the lifetime of said *Drane.* This was all that was decided, and it seems plain that the only effect of the judgment is to determine the ownership and legal effect of the contract. It cannot be held that by that judgment the obligation became in any sense a judgment for money against *Drane,* or a lien upon his real estate. In case of his death the claim would manifestly have to be presented against the estate or it would be barred. Hence we must hold that the plaintiff was at most a mere general creditor, without lien of any kind upon *Hiram Drane's* real estate, and cannot attack the transfers in question.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer to the complaint and for further proceedings according to law.