Batchelder vs. Batchelder et al.

BATCHELDER, Adm'r &c., VS BATCHELDER, impleaded with another.

*Executor, when liable to action to enforce trust—Equity will not grant relief obtainable from probate court.*

1. Under our statutes, the person named as executor in a will must signify to the county court his acceptance of the trust (sec. 15, ch. 97, R. S.), and give the bond required by ch. 98, before he can be compelled as such executor to perform any trust created by the will; and it is not sufficient, in an action for that purpose, to allege that he has interfered with the effects of the deceased.

2. Where a testator charges his estate with the support, during life, of any person, such person may obtain from the county court an order directing the executor to pay over, out of the assets in his hands, a sufficient amount to support the applicant; and after the death of such beneficiary, if it appears that he left any debts which should be paid by the provision made in such will, his administrator may obtain the same relief from the county court.

3. Where, in such case, adequate relief can be afforded by the probate court, the circuit court should not assume jurisdiction of actions for equitable relief.

APPEAL from the Circuit Court for *Fond du Lac* County.

This appeal was taken by the defendant, *Mary A. Batchelder*, from an order overruling her demurrer to the complaint, as not stating a cause of action against her.

*J. S. Tallmadge* and *Blair & Coleman*, for appellant.

*Gillet & Conklin*, for respondent.

COLE, J. The object of this suit seems to be to enforce the execution of a trust created by the will of Thomas Batchelder. He devised his estate, real and personal, to his wife and child, charged with the support and maintenance of his mother, *Jane Batchelder* (who originally commenced this suit), during her natural life. The appellant, the wife of the deceased, was appointed sole executrix of the will. It is alleged in the complaint that the appellant, since the first day of January, 1861, has utterly refused and neglected to make any provision for the support and maintenance of the plaintiff, and refuses to acknowledge and allow her right to support out of the property of the deceased. And, as already observed, the purpose of the suit is to execute this trust, by charging the real estate of

the deceased with the maintenance and support of the plaintiff during her natural life, and that the same may be disposed of and a certain sum out of the proceeds, to be ascertained by the court, be set aside for her maintenance. One serious objection to the complaint is, that although the action is brought against the appellant, yet it nowhere appears that she ever qualified or accepted the office of executrix. If she has not accepted that trust, then most manifestly she is not the proper person to execute the will. It is true, it is alleged that the appellant has sold and converted to her own use the personal property of the deceased, and has continued in the occupation and possession of the real estate, enjoying the rents and profits thereof. But these acts, while they might show that she had intermeddled with the estate in her own wrong, do not show that she ever took upon herself the office of executrix. Under our statute, the executor must do something more than interfere with the effects of the deceased, to show that he accepts the appointment; he must signify to the county court his acceptance of the trust (sec. 15, chap. 97, R. S.), and give the bond required by chap. 98. Before he does this he cannot be said to have qualified and accepted the trust. Now as this suit is to compel the executrix to perform the trust, it ought at least to appear that she has qualified as executrix under the will. If she has not qualified, or refuses to qualify, then it is very obvious that an administrator with the will annexed should be appointed by the county court to execute the trust. And we will remark further that there are no special facts stated in the complaint to show any necessity for a court of equity assuming jurisdiction over this estate and executing the trust. We cannot see why full and ample relief might not have been obtained from the county court, which has jurisdiction over the settlement of estates. Perhaps a court of equity, notwithstanding our statute giving county courts general jurisdiction over cases of administration, may still entertain jurisdiction over those cases, and compel the execution of trusts created by wills. But it

seems to us that it is the policy of our law that a court of equity should not entertain jurisdiction where a complete, adequate and full remedy can be obtained from the county court. What difficulty there may be in obtaining an order from the county court directing the appellant (if she has qualified as executrix) to pay over a sufficient amount out of the assets in her hands to support the mother of the deceased, we cannot imagine. It seems to us that this would afford an ample remedy, without coming into a court of equity. And of course the administrator of the mother can obtain the same relief from the county court, if it appears that his intestate left any debts which should be paid by this provision made for the mother in the will.

For these reasons we think the complaint defective, and that the demurrer to it should be sustained.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.