## WILLIS vs. FOX and another.

GUARDIAN AND WARD: *Jurisdiction of probate and circuit courts over guardian, in case of waste.* — *Effect of allowance of guardian's account by probate court.*

1. The power of the county court over guardians is not exclusive; but the circuit court has equitable jurisdiction (which it will exercise only for extraordinary reasons) to control them and compel them to account.

2. The statute (R. S., ch. 112, sec. 24) requires a guardian to manage his ward's estate frugally and without waste; and equity would impose this duty upon him without any statute.

3. Whether a probate court, on an accounting with a guardian, can go into the question of waste, and give damages against the guardian therefor, *quære.*

4. Where an action was brought by a ward against her guardian in the *circuit court*, alleging *waste* and *fraud*, it was error to dismiss the action for a failure to prove *fraud;* but the guardian should have been compelled to make good all damages caused by *waste.*

5. Where a guardian did not cultivate the ward's farm as a prudent farmer would do his own land, but solely with a view to his own profit, suffered the house to go to decay, removed the products to his own land, and used them there, returning little to the ward's farm, negligently permitted noxious weeds to grow upon it, and thus greatly impoverished the land, — the court should have required him to make good the consequent depreciation in its value.

6. Allowances by the probate court of the guardian's accounts, rendered from time to time, were only *prima facie* evidence of their correctness, in the ward's suit in the circuit court.

APPEAL from the Circuit Court for *Kenosha* County.

The plaintiff appealed from a judgment dismissing his complaint for want of jurisdiction. The case is sufficiently stated in the opinion.

*F. S. Lovell,* for appellant, argued, that where a trustee makes his own personal profit the rule of his action, in disregard of the interests of his *cestui que trust,* that constitutes a fraud, and the intent to defraud need not be established by direct proof, but may be presumed from the circumstances proved and the relation of the parties (*Van Wyck v. Seward,* 18 Wend. 375; *Williams v. Powell,* 1 Ired. Eq. 460; *Clark v. Baird,* 9 N. Y. 197; R. S., ch. 112, secs. 8, 24); and also that the circuit court had jurisdiction of the action of *waste.* R. S., ch. 143, sec. 1; *Gillett v. Treganza,* 13 Wis. 472; 2 P. Wms. 119; 1 Johns. Ch. 100.

*Head & Quarles,* for respondents:

The decree of a probate court as to matters within its jurisdiction is as conclusive as the judgment of any other court. *Barker v. Barker,* 14 Wis. 131, and cases there cited; *Saxton v. Chamberlain,* 6 Pick. 422. Its allowance of an account cannot be impeached by a bill in equity to compel an account. *Jenison v. Hapgood,* 7 Pick. 1. Chancery will not interfere to remove a guardian appointed by a surrogate, except in extreme cases, on very special causes shown. 1 Johns. Ch. 99; 3 Abb. N. Y. Dig. 275, sec. 124. If injustice had been done the ward by an irregular order of said court, the error might have been rectified by the same court, which may at any time, in furtherance of justice, revoke an order irregularly made or procured by fraud. *Bronson v. Burnett,* 1 Chand. 136; *In re Fisher,* 15 Wis. 521; *Vreedenburg v. Calf,* 9 Paige, 128; 1 Pick. 157. If the guardian had misconducted himself, the county court had full power to remove him, upon a proper showing. R. S., ch. 112, sec. 28. If loss accrued by reason of such misconduct, the bond required by statute (ch. 112, sec. 8) is ample to

indemnify the ward. And this court has already held, that a court of equity should not entertain jurisdiction when an adequate remedy can be obtained in the county court. *Batchelder v. Batchelder*, 20 Wis. 452; see also *Whitney v. Monro*, 4 Edw. 5.

COLE, J. The circuit court, having found that the guardian had not been guilty of any fraud in the management of the estate of his ward, dismissed the complaint, upon the ground that that court had no jurisdiction of the cause. The action was brought in the circuit court against Samuel N. Fox (since deceased), the guardian of *Willis*, for a general accounting, and for damages for waste committed or suffered by the guardian of the ward's property. The complaint charged that the guardian had been unfaithful in the performance of his trust, and had fraudulently used and appropriated the ward's property to his own private uses and purposes. The court, having found that the allegations of fraud were not sustained by the evidence, dismissed the complaint, doubtless for the reason that the guardian might be compelled to account before the probate court, which had full jurisdiction in the matter. The probate court undoubtedly had power, under our statutes, to cite the guardian to render an account of the property and estate of the ward in his hands. Chap. 112, R. S. But its powers in that respect are not exclusive. Courts of equity still have jurisdiction over guardians, and may control them and compel them to account (2 Kent, *227; Willard's Eq. Jur. 621); but they should not exercise this jurisdiction except in extraordinary cases, or when some special reasons are shown to exist why the matter should be withdrawn from the probate court. *Batchelder v. Batchelder*, 20 Wis. 452; *Freeland v. Dazey*, 25 Ill. 294. Where no such reasons exist, and it appears that the probate court can afford complete relief, there is no necessity for the circuit courts entertaining jurisdiction in such matters in the first instance.

We fully agree with the circuit court that no case of fraud was made out against the guardian, unless it was fraud to commit or suffer waste of the ward's estate. We therefore should hold, were it not for the matters relating to waste, that no particular reason existed in this case why a court of equity should supersede the jurisdiction of the probate court and compel the guardian to account. There may be some doubt whether a probate court, on an accounting, would be authorized to go into the question of the mismanagement of the ward's estate, and give damages against the guardian for waste. Perhaps the probate court could settle and determine all such questions, but the jurisdiction of the circuit court, as a court of equity, is clear, and it would seem to be the most fit tribunal for the exercise of this authority. The guardian is but a trustee, and is amenable in that character for a violation of his trust to a court of equity, like other trustees, and can be removed and another appointed in his stead. For these reasons we think the circuit court should have retained jurisdiction of the cause, and should not only have required the guardian to account for his general management of the estate of his ward, the rents and profits thereof, but should also have compelled him to make good all damages caused to the estate by waste committed or suffered by him.

The evidence to our minds is entirely clear, that the guardian has not cultivated the farm as a prudent farmer would do his own land, and in a good, husbandlike manner. There is too much reason for saying that he cultivated it solely with a view to his own profit; suffering the house to go to decay; removing the products from the farm to his own land, and using them there; returning but little to his ward's farm; permitting noxious weeds and thistles to grow upon it, which seasonable care and diligence might have been prevented; and generally managing the farm as no prudent farmer would do his own land; by which means he has greatly impoverished

the land and diminished the value of the estate of his wards. This depreciation in the value of the property caused by these acts of waste, committed or suffered by the guardian, he should make good. Our statute requires every guardian to manage the estate of his ward frugally and without waste (sec. 24, ch. 112); and this duty courts of equity would impose upon him in the absence of any such statutory provision. So that, whatever injury has been caused the estate by this bad husbandry and improper cultivation, the guardian is justly chargeable with, and should make good, in his account. It constitutes waste within the meaning of the law. 1 Washb. on Real Prop., chap. 5, § 4, "Of Waste."

The guardian should likewise be required to account for and pay a fair rental for the farm, upon the principles stated by the referee in his report, "No. 2." We see no valid objection to allowing the guardian the various items mentioned in folios 137, 138 of the printed case, in the matter of Parsons; and for repairs, breaking, digging stone, etc. They seem to be proper charges against the estate of the wards.

It appears from the evidence that the guardian has from time to time rendered accounts to the probate court of his guardianship, charging himself with certain amounts as rent of the farm, and crediting himself with various items paid out. These accounts were allowed by the probate court. There is nothing in the action of the probate court upon these accounts which is final and conclusive upon the matters embraced within them. The allowance of the accounts, although a judicial act, was not in the nature of a final adjudication between the parties. The accounts were rendered by the guardian, and acted upon by the probate court, during the minority of the wards, and *ex parte*. And the most that can be claimed from the action of the probate court upon them is, that the accounts, as allowed, are presumed to be correct until the contrary appears. But they are only

*prima facie* correct, and wherever they are erroneous the ward may have them corrected. They are only partial accounts, and do not bind him in any particular when he is able to show they are erroneous. *Yerger's Appeal*, 10 Casey, 173 ; *Band v. Lockwood*, 33 Ill. 214 ; *Clark v. Cress*, 20 Iowa, 50 ; and *Picat v. Biddle, adm'r*, 35 Mo. 29. If it appears that the guardian in his accounts did not charge himself with what the evidence shows to be a fair rental for the farm, the accounts should be corrected in that particular. And, generally, wherever the ward is able to show any errors or overcharges in these accounts, he is entitled to have them corrected.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with the above opinion.