TRYON vs. FARNSWORTH and another, Executors.

*Administration of estates — County courts, jurisdiction of.*

1. In this state the county courts have plenary jurisdiction in all matters of the administration, settlement and distribution of the estates of decedents; and their jurisdiction is in considerable part concurrent with that of courts of equity.
2. Where, upon the death of an intestate, his widow became entitled, under the statute, to a life interest in the surplus of the proceeds of real

estate duly sold to pay debts (R. S., ch. 92, sec. 1, subd. 3), and after the death of the widow, testate, the heirs-at-law of said intestate presented to the county court their claim to such surplus, as a demand against the widow's estate: *Held*, that the county court had power to allow the claim, and it was error to refuse its allowance.

3. The record in this case shows that, on, etc., there was found in the hands of the administrator of said intestate a certain sum, after paying all debts of the estate and expenses of administration, and that thereupon the county court, "by an order directed said sum to be paid by said administrator to the widow of said deceased, and the same was paid to her on that day, and said administrator was finally discharged," etc. *Held*, that this does not show any adjudication by the county court as to whether said widow had an absolute right to said surplus, or only a life interest therein, and that question is still open.

4. Only *one* of the heirs-at-law of said intestate having appealed from the order of the county court refusing to allow their claim against the widow's estate for said surplus, it was error for the circuit court to render judgment against the executors of said estate for the *whole amount* of such surplus.

5. It is competent for the circuit court, however, by its own judgment, to require the executors to pay to the appellant so much of said surplus as may be adjudged to belong to him as heir of said intestate, and not to be assets of the widow's estate; and it need not send the cause back to the county court to have such order made.

APPEAL from the Circuit Court for *Dodge* county.

In November, 1862, one Josiah A. Tryon died at the county of Fond du Lac, intestate, leaving no issue, or father or mother, but leaving surviving him Ellen A. Tryon, his widow, two brothers, of whom the plaintiff is one, and seventeen nephews and nieces, seven of whom are children of a deceased brother, and the remainder of whom are the children of a deceased sister of the said Josiah A. Tryon.

The administrator of the estate of Josiah A. Tryon, applied to the county court of Fond du Lac county, and obtained leave to sell the real estate of the deceased, exclusive of the homestead, for the purposes of paying debts against the estate and the expenses of administration. Such real estate was accordingly sold in 1865 for $3,390, and the sale thereof was duly confirmed by the court. Soon after, and on the 16th day of

November, 1865, the administrator had a final settlement of his accounts in the county court, on which settlement it was found that he had in his hands as such administrator, the sum of $1,826.34, belonging to the estate, after the payment of all debts and expenses. The county court thereupon made an order or judgment which directed the administrator to pay over such surplus to the widow, and he accordingly did so. This order or judgment it is claimed was made upon the petition of Mrs. Tryon, who claimed therein that she was legally entitled to such surplus.

Ellen A. Tryon died testate in May, 1870, leaving property exceeding in value $8,000, and the defendants are the duly qualified executors of her last will and testament.

The heirs-at-law of the above mentioned Josiah A. Tryon, claiming that his widow had only a life estate in such surplus, and that after her death it belonged to them, presented their claim therefor against the estate of Ellen A. Tryon to the county court. That court disallowed the claim, whereupon the plaintiff, *Joseph A. Tryon*, alone appealed to the circuit court.

The circuit court gave judgment against the executors for the whole amount of the surplus, and directed the same to be paid by them out of the estate of Mrs. Tryon, to the nineteen heirs of Josiah A. Tryon, in certain proportions, and the sum payable to each is ascertained and stated in the judgment.

The executors have appealed from such judgment to this court.

*Edward S. Bragg*, for appellants.

*A. M. Blair*, for respondent.

LYON, J. The record shows that personal property of the estate of Josiah A. Tryon came into the hands of the administrator of that estate, and although it is not expressly made to appear that the proceeds thereof were applied in payment of the debts against the estate, the contrary does not appear; and inasmuch as the statutes (*Tayl. Sts.*, 1221, § 6), provides that

"the personal estate of the deceased which shall come into the hands of the executor or administrator, shall be first chargeable with the payment of the debts and expenses, we must presume that the administrator and the county court did their duty, and that the proceeds of the personal property were so applied. It follows from this that the surplus remaining in the hands of the administrator after the estate was settled, and which was paid over to the widow of the intestate by order of the county court, consisted solely of the balance of the proceeds of the sale of the real estate. It follows, also, that such surplus must, for the purposes of a distribution thereof, be considered as real estate, "and disposed of among the persons and in the same proportions as the real estate would have been, by the laws of this state, if it had not been sold." T. S., 1193, § 57. When the intestate died, and also when his estate was settled and the surplus distributed, the rule of descent applicable thereto was the following : " If he, (the intestate), shall leave no issue nor father, his estate shall descend to his widow during her natural life, and after her decease, in equal shares to his brothers and sisters, and to the children of any deceased brother or sister by right of representation." R. S. 1858, *Ch.* 92, *Sec.* 1, *subdivision* 3.

Hence, Ellen A. Tryon, the widow of the intestate Josiah A. Tryon, was only entitled to the use of the surplus $1,826.34, re- maining after the estate of the intestate was settled, during her natural life, and after her decease, the same descended to the brothers, and to the children of the deceased brother and sister, of the intestate in the proportions prescribed by the statute. It was deemed proper briefly to state these propositions, although it is not understood that they are seriously controverted by the learned counsel for the defendants.

We will now proceed to examine in their order, the grounds urged on behalf of the defendants for a reversal of the judgment of the circuit court.

I. It is said that this is a matter cognizable exclusively by a

court of equity, and that, therefore, the county court had no jurisdiction to make the order from which the appeal to the circuit court was taken.

That a court of equity has jurisdiction of this subject matter, and would take cognizance of an action brought for the purpose of compelling the executors of Mrs. Tryon to pay the surplus of her husband's estate received by her, to the heirs-at-law of her deceased husband, is doubtless true. The authorities cited by counsel for the defendants show this, but they do not seem to establish the doctrine that probate courts have not jurisdiction of the same subject matter in this state. The county courts have plenary jurisdiction in all matters of the administration, settlement and distribution of the estates of deceased persons, and much of this jurisdiction is of an equitable character and is necessarily concurrent with that of courts of equity. The claim of the heirs of Josiah A. Tryon against the executors of his widow, is purely a matter of administration and distribution. The question involved is, whether a sum of money which has come to the hands of the executors as an asset of the estate of Mrs. Tryon is really such asset to be distributed to her heirs or legatees, or whether it is an asset of the estate of her deceased husband which should be distributed to his heirs. We cannot doubt the jurisdiction of the county court in the premises.

II. It is said that the whole subject of the alleged claim is *res ad judicata* so long as the order or judgment of the county court distributing the surplus to Mrs. Tryon remains unreversed.

We find no bill of exceptions in the record, and, therefore, the evidence is not before us. We can only ascertain the character of the order or judgment of the county court from the findings of fact by the circuit court, the *seventh* of which, and the only one that contains any reference to this subject, is as follows: "That on the said 16th day of November, 1865, said county court by an order, directed the said sum of $1,826.34 to

be paid by said administrator to Ellen A. Tryon, the widow of said deceased, that the same was paid to her on that day, and said administrator was finally discharged from his trust by said court."

Here is no evidence that the county court adjudicated the matter and decided and adjudged that Mrs. Tryon was the absolute owner of the surplus. On the contrary, the order is entirely consistent with the theory that the county court simply held that she was entitled to the use of the money for life. That court not having determined whether she was entitled to the surplus absolutely, or only for life, the question remains open. *Howe v. McGivern*, 25 Wis. 525.

III. The next reason assigned why the judgment should be reversed is, that it should only have been rendered for the heir who appealed from the order of the county court. We think that this point is well taken. We are aware of no provision of law which authorised the circuit court to give judgment for parties affected by the order of the county court who did not appeal therefrom. Until such persons appeal therefrom, or take some other steps to have that order set aside, the presumption is that they are satisfied with it, and do not wish that it should be disturbed. For this reason the judgment of the circuit court must be reversed.

IV. No good reason is perceived why the claim of the plaintiff should be certified back to the county court, to be paid with the claims of creditors in due course of administration. The judgment of the circuit court is to the effect that certain moneys which have come to the hands of the defendants as executors, are not assets of the estate of their testate, and liable for debts and demands against the same, but are really assets of another estate, to wit., the estate of Josiah A. Tryon, and belong absolutely to his heirs. Their position is the same as though the lands belonging to the estate of the latter had not been sold, but had come to the possession of the executors as assets of the estate of Mrs. Tryon. In that case the county court, by viuetr

of its plenary jurisdiction in matters of the administration and distribution of estates of deceased persons, undoubtedly has the power to distribute the lands to the heirs of Josiah A. Tryon, and to authorize and direct the executors to surrender the same to them, and it would be entirely immaterial whether the estate of Mrs. Tryon is solvent or insolvent. And should the county court order the land to be distributed as the estate of Mrs. Tryon, the circuit court, on appeal, would not only reverse the order, but would adjudge the land to the appellants (or their proportion thereof to such of them as appealed), and would also direct the executors of Mrs. Tryon to surrender the same to such heirs.

The fact that in this case the subject matter of the controversy is money instead of land, is quite immaterial. It is in the hands of the executors; and creditors, heirs or legatees of their testate have no interest whatever in it. It belongs absolutely to the heirs of Josiah A. Tryon, and the circuit court may as well direct the proportion thereof belonging to this appellant to be paid to him by the executors, as to send the case back to the county court with directions to that court to make the same order.

The judgment of the circuit court is reversed and the cause must be remanded with directions to that court to enter judgment for the appellant in that court for his individual proportion of the surplus of the estate of Josiah A. Tryon, (being one-fourth thereof,) which was paid over to his widow, Ellen A. Tryon, to be paid by the executors out of the estate of the latter. The judgment of this court must also be certified to the Fond du Lac county court, pursuant to law.

*By the Court.*—Ordered accordingly.