CAWKER, Respondent, vs. DREUTZER and another, Executors, Respondents: MERRILL, impleaded Defendant and Appellant.

*September 13—October 9, 1928.*

101

102

104

For the appellant Hortense Cawker Merrill there were briefs by *McGovern, Lyons, Curtis, Devos & Reiss* of Mil-

waukee, and oral argument by *F. E. McGovern* and *H. K. Curtis*.

For the respondent Leonore H. Cawker there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, attorneys,

and *Frank T. Boesel,* of counsel, and and oral argument by *Mr. Boesel.*

For the respondent executors there was a brief by *J. W. Flynn,* attorney, and *H. V. Kane* of counsel, both of Milwaukee, and oral argument by *Mr. Flynn.*

CROWNHART, J.  Preliminary to a consideration of the case on its merits, we are met with a motion on behalf of the executors to dismiss the appeal, on the ground that the circuit court did not have jurisdiction.  In the circuit court the same motion was presented, and the appellant raised the same

question by a demurrer *ore tenus* to the complaint, on the ground that it did not state a cause of action. The circuit court thereupon considered the matter and came to the conclusion that it should assume jurisdiction under the authority of *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304. The contention on the part of the executors is that the county court in which the estate was being administered had primary jurisdiction to construe the will, and that the circuit court, in the absence of facts showing that the county court could not grant as adequate, complete, or efficient a remedy as the circuit court, should not have assumed jurisdiction of the action.

This presents the proposition over which this court has been somewhat inconsistent in the past. The situation is such that we deem it proper to review the decisions at some

length in order to clearly lay down the practice to be followed in the future.

. The legislature, in 1849, responding to the constitutional mandate, art. VII, sec. 14, created county courts and gave them all the powers theretofore possessed by probate judges, which included the power and jurisdiction to probate wills and administer estates.

Apparently the first case to arise as to the conflict of jurisdiction between the circuit courts and county courts was *Price v. Dietrich,* 12 Wis. 699, where the court held that the remedy on a claim allowed by that court, and which the administrator refused to pay, lay in the county court, and suit thereon against the administrator could not be maintained in the circuit court until final distribution had been ordered in the county court. In other words, so long as the county court could afford an adequate remedy and had jurisdiction of the administration of the estate, the circuit court should not take jurisdiction to enforce the claim.

Then came *Batchelder v. Batchelder,* 20 Wis. 452. In that case, the object of which was to enforce the execution of a trust, the court said:

"And we will remark further that there are no special facts stated in the complaint to show any necessity for a court of equity assuming jurisdiction over this estate and executing the trust. We cannot see why full and ample relief might not have been obtained from the county court, which has jurisdiction over the settlement of estates. Perhaps a court of equity, notwithstanding our statute giving county courts general jurisdiction over cases of administration, may still entertain jurisdiction over those cases, and compel the execution of trusts created by wills. But it seems to us that it is the policy of our law that a court of equity should not entertain jurisdiction where a complete, adequate, and full remedy can be obtained from the county court. What difficulty there may be in obtaining an order from the county court directing the appellant (if she has

qualified as executrix) to pay over a sufficient amount out of the assets in her hands to support the mother of the deceased, we cannot imagine. It seems to us that this would afford an ample remedy, without coming into a court of equity. And of course, the administrator of the mother can obtain the same relief from the county court, if it appears that his intestate left any debts which should be paid by this provision made for the mother in the will. For these reasons we think the complaint defective, and that the demurrer to it should be sustained."

In *Glasscott v. Warner*, 20 Wis. 654, reported in the same volume with *Batchelder v. Batchelder, supra,* this court held that the circuit court had concurrent jurisdiction with county courts to appoint guardians. The court, in its opinion, pointed out the constitutional provision as to jurisdiction of circuit courts, art. VII, sec. 8, and said the jurisdiction of circuit courts had not been since prohibited by law but that the statute giving county courts jurisdiction, as it then stood, only provided that county courts may appoint guardians. That case involved the appointment of a guardian in a divorce case then pending in the circuit court.

The next case to consider such matter of jurisdiction was *Willis v. Fox*, 25 Wis. 646. In that case the *Batchelder Case* was approved, but the court held that the circuit courts still had equitable jurisdiction over guardians to compel them to account, but which it would exercise only for extraordinary reasons. The court said:

"Courts of equity still have jurisdiction over guardians, and may control them and compel them to account (2 Kent, *227; Willard's Eq. Jur. 621); but they should not exercise this jurisdiction except in extraordinary cases, or when some special reasons are shown to exist why the matter should be withdrawn from the probate court. *Batchelder v. Batchelder,* 20 Wis. 452."

The case of *Will of Jackman*, 26 Wis. 104, 107, considers the jurisdiction of county courts, and says: "In this

country, however, the probate of wills, both of real and personal estate, is generally confided to courts of special jurisdiction." This arose on an appeal to the circuit court from an order of the county court to admit a will to probate. It has no special bearing on the point here at issue.

Then came *Brook v. Chappell,* 34 Wis. 405, where this court broadly defined the jurisdiction of the county courts to grant full and complete relief in the settlement of estates. The case came to the circuit court on appeal from the county court, wherein the county court had allowed a nuncupative codicil to a will. The court said:

"Of the power of the county court in probate to grant the relief here spoken of, this court feels entirely confident. It has all the jurisdiction, both legal and equitable, unless expressly reserved, necessary to the due administration of the estates of deceased persons and to the performance of all acts required in the course of such administration, including the probate of wills and the giving effect to the intention of testators, whenever such intentions may be effectuated by the powers and processes possessed and used by any court of justice. It may grant equitable relief or enforce a trust in a case of this nature, the same as a court of equity; and although the jurisdiction of a court of equity still exists, it does not oust that of the county court in a proper case. The doctrine of equitable estoppel may be recognized, and its principles enforced, as well by the county court as by the court of chancery, the jurisdiction of the latter being concurrent, merely, in any matter pertaining to the settlement of the estates of deceased persons."

Following *Brook v. Chappell, supra,* came *Appeal of Schaeffner,* 41 Wis. 260, where this court held, on the authority of *Brook v. Chappell,* that the county court had authority to construe wills. The county court had construed the will in issue, and the circuit court had the case on appeal from the county court. The court said:

"That the county court has jurisdiction to give construction to wills when that is necessary to the due administration

of the estates of deceased persons, and may exercise the same as fully as can a court of equity, is settled in *Brook v. Chappell, supra.*"

Then follows *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935, where Mr. Justice ORTON, writing the opinion of the court, vigorously upheld the jurisdiction of the circuit court, citing *Brook v. Chappell, supra,* as authority for his position. He said:

"It has already been decided by this court that the county courts have jurisdiction in such matters concurrent with the circuit court, or court of chancery proper, by force of the statute; but it will require the strongest, clearest, and most unequivocal language of the statute to make such a jurisdiction of the county courts in probate exclusive, and no such language is found in the present statute."

But Mr. Justice ORTON was moved to give another, and probably better, ground for his opinion, and that was the opinion of the court on a former appeal, of which he said:

"Plaintiffs in this suit may have very properly considered themselves encouraged to bring this suit in this form in the circuit court or court of equity by the intimations of this court in that case."

Certainly there is nothing in *Brook v. Chappell* or *Appeal of Schaeffner* to justify the opinion in *Catlin v. Wheeler, supra.*

In *Kugler v. Prien,* 62 Wis. 248, 22 N. W. 396, the court, after reviewing the authorities, refused to permit the circuit court to take jurisdiction of an action at law by a ward against a guardian until the guardian's accounts were settled in the county court, the court saying:

"But, as we have said, this is an action at law, and because the county court has power, under the statute, to enforce a settlement of guardians' accounts,—can protect and secure the rights of all parties interested at much less expense than can be done in the circuit court,—we think the plaintiff should resort to that tribunal for relief."

And, again, in *Newman v. Waterman,* 63 Wis. 612, 23 N. W. 696, this court held that ejectment would not lie by a sole heir at law who claimed the lands by reason of the testator's failing to provide for him in his will where the heir had appeared in the administration of the estate in the county court. This court said:

"The several sections of the statutes cited clearly contemplate that such after-born child, or child omitted by the testator from his will through 'mistake or accident,' shall have the remedies provided for in the county court. The remedies provided are in the nature of settlements and partitions between several claimants, and assignments and distributions of the estate. In case there are other heirs, or an heir, at law, besides the one omitted, there must almost necessarily be adjustment and contribution. Such remedies are necessarily equitable in their nature, and peculiarly within the province of the county court."

In *Hawley v. Tesch,* 72 Wis. 299, 39 N. W. 483, the jurisdiction of the circuit court was upheld to grant relief to infants alleging fraudulent sale of land by an executor, but on the ground that the county court, under the specific facts of the case, could not grant adequate relief. The court approved the rule in the *Batchelder Case,* saying:

"These facts would seem to present a case for equitable cognizance. It involves the conduct of a trustee, and the plaintiffs are infants. It is true that this court has in many cases said that the county courts under our statutes have plenary jurisdiction in all matters pertaining to the administration, settlement, and distribution of estates of deceased persons, and that a court of equity should not take jurisdiction over these matters unless special facts are stated showing that a complete and adequate remedy cannot be had in the county court. *Batchelder v. Batchelder,* 20 Wis. 452; *Tryon v. Farnsworth,* 30 Wis. 577. But when such special facts and circumstances are stated, there a court of equity will take jurisdiction and grant the proper relief. For, while it has been decided that the county courts, under the statutes, have jurisdiction ordinarily in the administration and settlement

of estates and enforcing the due execution of trusts created by wills, still that jurisdiction is not exclusive, but concurrent with the circuit court. *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935."

In *Frawley v. Cosgrove,* 83 Wis. 441, 444, 53 N. W. 689, the court enlarged upon the jurisdiction of the county courts, holding a 4096 examination might there be had in aid of its jurisdiction. The court said that this court had frequently sustained a broad, equitable jurisdiction in the matter of estates in county courts.

In *Lamberton v. Pereles,* 87 Wis. 449, 58 N. W. 776, this court upheld the jurisdiction of the circuit court to prevent diversion or dissipation of trust funds where the estate had been fully and finally settled in county court, although, as was said, the jurisdiction of county courts had been extended by sec. 2443 "to all cases of trusts created by will admitted to probate in such court." It was held that the facts stated were sufficient to justify the circuit court in taking jurisdiction, citing *Catlin v. Wheeler, Willis v. Fox,* and *Hawley v. Tesch, supra.*

In *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704, the rule was again laid down in plain, unequivocal language as stated in *Batchelder v. Batchelder, supra,* and other cases here cited. The court said:

"It seems to be settled in this state that the circuit court, as a court of equity, has a general, original jurisdiction over matters arising in the administration of estates, concurrent with the county courts. 1 Pomeroy, Eq. Jur. §§ 346–351; *Glasscott v. Warner,* 20 Wis. 654; *Tryon v. Farnsworth,* 30 Wis. 577; *Brook v. Chappell,* 34 Wis. 405; *Catlin v. Wheeler,* 49 Wis. 507, 520, 5 N. W. 935. Yet that jurisdiction is practically suspended to this extent: that the circuit court will decline to take jurisdiction over such matters unless such special facts appear as show that a complete and adequate remedy cannot be given by the county court. *Batchelder v. Batchelder,* 20 Wis. 452; *Willis v. Fox,* 25 Wis. 646; *Kugler v. Prien,* 62 Wis. 248, 22 N. W. 396;

*Hawley v. Tesch,* 72 Wis. 299, 39 N. W. 483; 3 Pomeroy, Eq. Jur. § 1154. So the circuit court should decline to take jurisdiction of this case, even if a cause of action which is within its general equity jurisdiction is stated, notwithstanding this question of jurisdiction has been waived by the defendant by omitting to raise it by answer or demurrer, unless it also appears by the complaint that circumstances exist which will render the remedy which is within the competency of the county court inadequate and incomplete."

In *Guardianship of Klein,* 95 Wis. 246, 70 N. W. 64, the rule in *Batchelder v. Batchelder* is again approved but distinguished. This court there said:

"In *Batchelder v. Batchelder,* 20 Wis. 452, and *Meyer v. Garthwaite,* 92 Wis. 571, 573, 66 N. W. 704, the court has held that the circuit court should decline to take jurisdiction, even of a cause of action which is within its general equity jurisdiction, notwithstanding the question of jurisdiction has been waived by omitting to raise it by answer or demurrer. We think that the rule laid down in these cases is correct, as a matter of practice and sound policy, and should not be departed from, particularly as appeals from orders made by the county courts are quite liberally allowed. The rule is founded upon the ground that there is a proceeding already pending in a court of competent jurisdiction to afford complete relief, and that an independent action for that purpose is wholly unnecessary, and therefore will not be sustained. But, in the present case, when the petition was presented to the circuit court, no application had been made to the county court to appoint a guardian for the infant, and there was no obstacle to the exercise by the circuit court of its concurrent jurisdiction. The objection to the jurisdiction of the circuit court cannot, therefore, be sustained."

Since the *Klein Case, supra,* appeals from the county courts direct to this court have been provided by statute (ch. 183, Laws 1919), so that this reasoning is more controlling now than then.

In the decision of *Lannon v. Hackett,* 49 Wis. 261, 5 N. W. 474, as amplified and explained by *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111, this court upheld the power

of the legislature to take away the jurisdiction of circuit courts in specific cases and confer such jurisdiction on county courts where the remedy in the county court would be adequate and complete.

We now come to *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304, upon which the circuit court sustained its jurisdiction in the case at bar. The action was for an accounting brought in the circuit court against an executor. It was claimed, in defense, that the proceeding should be had in the county court where the estate was administered. Mr. Justice MARSHALL, speaking for the court, announced the rule as held in *Batchelder v. Batchelder, supra,* as follows:

"It is too well settled to require discussion here, that circuit courts, by virtue of their general equity powers, with some exceptions, have original jurisdiction concurrent with county courts over matters pertaining to the settlement of the estates of deceased persons (*Tryon v. Farnsworth,* 30 Wis. 577), though where such concurrence exists, generally speaking, that of the county courts is held to supersede that of the circuit courts, so that the latter should decline to exercise such jurisdiction in the absence of special facts or circumstances rendering the power of the county courts not sufficiently broad and comprehensive to furnish as complete and efficient a remedy as that to be found in the circuit courts."

And then, purely *obiter,* he said:

"To this there are some exceptions, not including, however, such cases as the one before us. The most frequent to be met with are cases for the construction of wills. Jurisdiction of such matters has been uniformly exercised by the circuit court, though specially conferred on county courts by statute. So it is said that nothing short of an express statute on the subject can change the practice in that regard," referring to the *Catlin Case, supra.*

We cannot find that construction of wills had been uniformly exercised by the circuit courts. We think the contrary is now true, if not so then. Certainly, we find nothing in the recorded cases in this court to indicate that the circuit

courts ever uniformly assumed jurisdiction to construe wills where the county court was in the process of administering the estate with the power and duty to construe the will. Nor can we find any case where the circuit court has been sustained in such jurisdiction where the relief in the county court was adequate and complete, except the single case of *Catlin v. Wheeler, supra.* *Catlin v. Wheeler* was grounded on *Brook v. Chappell, supra,* which was a case where the county court construed the will in issue and the case was then appealed to the circuit court pursuant to statute. It was no authority in fact for the decision in the *Catlin Case,* any more than the *Catlin Case* is authority for the *dicta* in the *Burnham Case.*

It may be well to note that Mr. Justice MARSHALL must have considered his language in the *Burnham Case* as *obiter,* for in *Goyke v. State,* 136 Wis. 557, at p. 561, 117 N. W. 1027, 1126, he stated the rule, citing the *Burnham Case* as authority, thusly:

"The rule that the general jurisdiction of circuit courts is by implication 'prohibited by law' within the meaning of the constitution, when jurisdiction has been in terms or by necessary implication conferred upon some other court, is illustrated by *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704, and *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304. It was there decided that the legislature by conferring jurisdiction as to the settlement of estates on county courts evinced a policy that matters appertaining thereto should be adjudicated in such courts, so far as an adequate remedy is there afforded, superseding the jurisdiction of circuit courts, and that in case of a circuit court exercising such jurisdiction it should be regarded as having committed jurisdictional error, not waivable by the parties and fatal to the result upon the case coming here for review, regardless of whether the question is raised by objection."

Again, in *Ludington v. Patton,* 111 Wis. 208, at p. 249, 86 N. W. 571, Mr. Justice MARSHALL states the rule as laid down in the *Batchelder Case,* citing *Meyer v. Garth-*

*waite,* 92 Wis. 571, 66 N. W. 704, *In re Guardianship of Klein,* 95 Wis. 246, 70 N. W. 64, and *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304, as authorities, to wit:

". . . The general equity jurisdiction of the superior court of Milwaukee county, under the statute creating it, is the same as that of the circuit court in respect to the subject of the settlement of estates, and that it is proper for such jurisdiction to be exercised when the circumstances are such that it can furnish a more complete and effective remedy than can be obtained in the probate court."

*Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304, decided in 1898, should be considered modified as to construction of wills by ch. 163, Laws of 1905, when the legislature specifically extended the jurisdiction of the county courts "to all cases of constructions of wills admitted to probate in such court" and to all cases of "trust powers." It may be assumed that such legislation had its inception in the *obiter dicta* of Mr. Justice MARSHALL in the *Burnham Case.* But whatever the reason, Mr. Justice MARSHALL has left no doubt how such legislation should be construed. In *Stevenson v. Milwaukee County,* 140 Wis. 14 (121 N. W. 654), at page 23, he said (dissenting opinion) :

"The written law does not leave any occasion for use of the court's inherent power, except in purely emergency cases, and it is manifest that no such case existed in the instance before us. When the legislature, without prejudicially trenching upon judicial power, has lodged jurisdiction over a particular matter completely elsewhere than where it has commonly been exercised, with reasonable expectation that the new instrumentality will adequately deal with such matter, though such power, if lodged in the court by the organic law, could not be prejudicially taken away, if there is no good reason why the court should not regard itself substantially superseded in such matter, it should do that, and its failure in that respect should be viewed as jurisdictional error, *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304."

And, again, by the same Justice, in *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650 (142 N. W. 184), at p. 655, the court said:

"The new system did not absolutely take away any of the constitutional jurisdiction of the circuit court; but, the deference to the legislative will, which is due to a co-ordinate department of the government, requires that such jurisdiction shall not be exercised in any situation—which the legislature placed, as matter of administrative power, in that of the railroad commission as regards original action,—in the absence of some extraordinary emergency not liable to arise.

"This species of duty not to act, even in case of the existence of power to act, is so regarded that a violation of it takes the cast of jurisdictional error. *Meyer v. Garthwaite*, 92 Wis. 571, 66 N. W. 704; *Burnham v. Norton*, 100 Wis. 8, 75 N. W. 304. Not jurisdictional in the sense of entire want of power, rendering the act usurpatious and the result void, but in the sense of such manifest duty not to exercise the power, that the wrong of it should be classed as jurisdictional, and competency exist to efficiently raise the question in respect thereto at any time while competency remains to challenge the order or judgment involved, for judicial error. *Harrigan v. Gilchrist*, 121 Wis. 127, 224, 99 N. W. 909.

"Under the foregoing rule, the court below must be considered as not having had jurisdiction to entertain the proceedings in question. It should have left the parties to the remedy prescribed by law before the special tribunal—the railroad commission."

In *Becker v. Chester*, 115 Wis. 90, 91 N. W. 87, 650 (decided in 1902), ch. 5, Laws of 1899, sec. 313.09, was construed by Mr. Justice MARSHALL to affirm the settled policy of the court theretofore laid down, that the county court's jurisdiction superseded that of the circuit court where the county court could afford relief "as adequate, complete, prompt, or efficient as the circuit court."

But, as we have seen, ch. 163, Laws of 1905, has since specifically given the county court jurisdiction to construe

wills, and in all cases of trust powers. Besides, there has been a general development of the dignity and powers of the county courts; for instance, the law providing that only attorneys can hold the office of county judge, and the law providing direct appeals to this court, thereby providing as prompt a remedy in the construction of wills as can be had in the circuit court, and probably a much more prompt and expedient relief. Such remedy, we should know, is also less expensive and less cumbersome.

In *Becker v. Chester, supra,* the court again re-announces a principle laid down several times but not uniformly adhered to, that great weight will be given to the decision of the trial court as to its jurisdiction, citing the *Burnham Case.* Such principle works for an absurd practice, where neither the courts nor the profession will have any guide to follow. It results in unnecessary confusion and litigation. This court should lay down a definite principle and adhere to it. The Reports are cluttered with these cases.

In *Stephenson v. Norris,* 128 Wis. 242, 107 N. W. 343, this court allowed the jurisdiction of the circuit court for the construction of a will on the petition of the executor, because of the long and involved will, but made no mention of the general rule. It there, for the first time, however, took notice of ch. 163, Laws of 1905, but held that it did not purport to abridge the already existing power of the circuit court. This case is cited with approval in *Pabst v. Goodrich,* 133 Wis. 43, 113 N. W. 398.

In *Washington County v. Schrupp,* 139 Wis. 219, 222, 120 N. W. 856, the early rule was approved and extended to matters of guardianship. The court, after stating the rule in *Meyer v. Garthwaite, supra,* said:

"The principle is equally applicable to matters of guardianship, in which jurisdiction has been extended to the county courts."

The same ruling should prevail here since the statute of 1905 extended jurisdiction to the county courts to the construction of wills. To the same effect, *Guardianship of Knoll,* 167 Wis. 461, 469, 167 N. W. 744.

In *Wisdom v. Wisdom,* 155 Wis. 434, 145 N. W. 126, this court again announced the general rule in *Batchelder v. Batchelder, supra,* citing *Meyer v. Garthwaite* and *Burnham v. Norton, supra.*

In *Lehman v. Weiner,* 167 Wis. 428, 429, 167 N. W. 806, this court, in an opinion by Mr. Justice VINJE, cited with approval *Wisdom v. Wisdom, supra,* and said:

"It therefore appears that plaintiff has an adequate remedy in the county court to right all the wrongs complained of. In such cases the circuit court will not assume jurisdiction, but will leave the parties to the county court remedies."

In *Jones v. Citizens' S. & T. Co.* 168 Wis. 646, 655, 171 N. W. 648, the court again stated the rule that when the relief in county court is not "complete and full" the circuit court will take jurisdiction; otherwise not.

Such was the state of the law up to the time of *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 181 N. W. 722.

The circuit court had concurrent jurisdiction with the county court in matters of construction of wills, administering trusts, and many other matters formerly of equitable jurisdiction. The decisions in this regard grew up when the county court's jurisdiction, at an early day, was stated in general language. But gradually the statute conferring powers upon the county courts became more specific and now provides that the county courts have jurisdiction of all cases of construction of wills and also trust powers, in the administration of estates. The early decisions retaining jurisdiction concurrent in the circuit courts in such cases no doubt grew out of lack of confidence in the county courts to render complete justice. The early county judges were not learned

in the law and lacked judicial experience. That reason no longer exists. And this court has shown more and more a tendency to more fully carry out the general principle that the court first obtaining jurisdiction of a matter which it is competent to fully control and administer to grant full and adequate relief, will not be disturbed in its jurisdiction in the orderly procedure of the pending matter by a court of concurrent jurisdiction.

This is illustrated by *Pietraszwicz v. Pietraszwicz, supra,* where this court reversed the circuit court, which had taken jurisdiction of a matter over which the county court should grant adequate relief in the estate which it was there administering. The court said:

"The circuit court should have promptly refused to act in this matter. This was its plain duty from a mere inspection of the complaint and was rendered still more certain at the close of the plaintiffs' testimony. There is in this entire record an absolute want of any peculiar or extraordinary circumstances whereby it was shown that a full, adequate, and complete remedy could not or would not have been afforded by a resort to the orderly course of procedure in the county court. Such lack appearing is practically equivalent to a want of jurisdiction in the circuit court.

"Conceding that, under the broad equitable powers of a court of *nisi prius* such as is the circuit court, there exists a concurrent jurisdiction with the county court as to matters involving the estates of decedents, nevertheless it is well and long established by a series of decisions of this court that the circuit court is as much bound to refuse to assume jurisdiction when such lack of power to grant adequate relief in the county court is not clearly shown as though there were an absence of jurisdiction in the circuit court."

In *Estate of Sipchen,* 180 Wis. 504, 508, 193 N. W. 385, this court held:

"If it can be legally held that the amounts involved in the agreement are referable to the estate of the deceased and that such amounts properly constitute a part of the deceased's estate, the county court has primary jurisdiction, and, in a sense, exclusive jurisdiction, for under the repeated decisions

of this court, while the circuit court as a court of general
jurisdiction under certain conditions can administer, never-
theless its general jurisdiction is suspended in the interests of
the county court unless the latter does not afford a complete
and adequate remedy."

In *Tharp v. Seventh Day Adventist Church,* 182 Wis. 107,
111, 195 N. W. 331, this court, by Chief Justice VINJE, on
the authority of *dicta* in *Burnham v. Norton,* 100 Wis. 8,
73 N. W. 304, said:

"Counsel for appellants rely upon the rule stated in
*Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 529, 181 N. W.
722, to the effect that, though the circuit court has concur-
rent jurisdiction with the county court, yet the former will
refuse to assume jurisdiction unless the lack of power to
grant adequate relief in the county court is clearly shown.
That is undoubtedly the general rule, but an exception has
always been made to cases calling for the construction of
wills."

As we have seen, *Burnham v. Norton, supra,* is not au-
thority on that proposition because not necessarily or properly
in the case there before the court. And if so, since the stat-
ute of 1905 county courts are given specific authority to
construe wills in estates being administered before them.

This is illustrated by *Libby v. Central Wis. Trust Co.* 182
Wis. 599, 603, 197 N. W. 206, where it is said:

"In *Platto v. Deuster,* 22 Wis. 482, DIXON, C. J., speaking
for the court, after first declaring that the county court
within the limits prescribed by law for it possessed equal
equitable powers of the circuit court, said:
" 'The impropriety, I might say the utter absurdity, of
applying to one court to restrain, modify, or correct the
orders or decrees of another court of co-ordinate jurisdic-
tion, is also apparent. I think it is wholly inadmissible to do
so. No instance has been found where one court of equity
has thus interfered with the proceedings in another court
of equity of the same jurisdiction, and it is believed that
none can be. . . . The proper course was to apply to the
court by petition for an order in the original suit. . . . The
power of the court in which the judgment or decree was

rendered, to grant the requisite relief in cases like this, is undoubted. The chancellor might always, either in the court or at chambers, suspend the execution of a final order or decree, on the ground of subsequent matter that would render its execution oppressive or iniquitous.' See, also, *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388.

"Upon the authority of *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 181 N. W. 722, and the cases there cited, it is considered that a circuit court has no jurisdiction in the sense that it ought not to entertain jurisdiction of an action brought to discharge or satisfy the judgment of the county court. If by reason of subsequent events the plaintiffs are entitled to relief from the judgment entered upon the stipulation made by them, the county court in which the judgment was entered has full power to grant adequate relief. A court of co-ordinate jurisdiction will not interfere. *Salter v. Cook,* 131 Wis. 20, 110 N. W. 823."

In *State ex rel. Peterson v. Circuit Court,* 177 Wis. 548, 188 N. W. 645, this court invoked the extraordinary remedy of prohibition to prevent a circuit court from taking jurisdiction in a case where the county court was in the course of administration of an estate and had jurisdiction to grant the proper relief. And the court, after quoting from the *Pietraszwicz Case, supra,* there said:

"It is thus evident that if the issue involved is one purely cognizable by a court of equity, the county court not only has jurisdiction to try and determine the matter but that the circuit court should not assume jurisdiction."

In *Will of Weidman,* 189 Wis. 318, 323, 207 N. W. 950, we said:

"It will suffice to say that the law is now well settled that the primary jurisdiction to probate wills and administer estates is in the county courts; that under their general jurisdiction circuit courts must not assume the administration of estates unless there is a showing in the pleadings that the power of the county court is inadequate to afford a remedy in the particular proceeding at issue; that when a circuit court assumes jurisdiction in such matters without such showing, its acts will be treated the same as though it was

without jurisdiction. This court seems to have come to this conclusion not so much from a literal interpretation of the constitution and statutes applicable as to bring about a policy conducive to harmonious and effective administration of probate matters."

On principle, there is no doubt that a court of concurrent jurisdiction should not take jurisdiction of a matter which is properly involved in a proceeding then pending in another court which is competent to render adequate relief in the premises.

In *Remington v. Foster,* 42 Wis. 608, it was held that where the legislature provides an adequate remedy at law, a court of equity is deprived of jurisdiction. The same rule applies with much more force where the legislature, under specific authority of the constitution, specifically transfers jurisdiction from the circuit court to the county court. As was well said in *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, 213, 101 N. W. 404, opinion by Mr. Justice MARSHALL:

"By sec. 2443, Stats. 1898, the county court's jurisdiction is expressly extended 'to all matters relating to the settlement of the estates of such deceased persons' at the time the deceased was an inhabitant or resident of the county where the court is located, having jurisdiction of the matter, or left property within such county to be administered. That broad general power necessarily carries with it by implication all judicial authority of courts of equity in the administration of trusts necessary to the proper administration of the particular class of trusts in question, and that has been the uniform holding of this court;" quoting with approval *Tryon v. Farnsworth,* 30 Wis. 577, 581, and *Brook v. Chappell,* 34 Wis. 405, 411.

That was a case where the county court had allowed attorney fees, making the same a lien on the estate, and then had entered an order of final distribution. The administrator failing to pay and being insolvent, action was brought in the circuit court on the administrator's bond.

The *Goyke Case, supra,* involved the jurisdiction of the

circuit court of Winnebago county of a bastardy proceeding on a change of venue from the municipal court of Winnebago county. The statute creating the municipal court gave such court jurisdiction of bastardy cases, but it nowhere gave it exclusive jurisdiction in express terms. This court held that, in the absence of the statute, the circuit court had jurisdiction, but that the legislative act giving the municipal court jurisdiction, by necessary implication deprived the circuit court of jurisdiction. In other words, the circuit court was "prohibited by law" as that term is used in the constitution, sec. 8, art. VII. Following the *Goyke Case, supra,* pursuant to ch. 163, Laws of 1905, giving the county court jurisdiction in all cases of the construction of wills, logically we would have to hold that the circuit court was thereby deprived of jurisdiction of actions to construe wills. But ch. 5, Laws of 1899, now sec. 313.09, Stats., recognizes the jurisdiction of the circuit court to construe wills, in cases where the county court "cannot afford a remedy as adequate, complete, or efficient as the circuit court." While sec. 313.09 is not directly repealed, it might be said to be repealed by necessary implication in so far as ch. 163, Laws of 1905, directly gives jurisdiction to the county court in all cases of the construction of wills. However, we think the legislative idea was to recognize the rule laid down in the *Batchelder Case.* It removed the effect of the *dicta* in the *Burnham Case,* and no doubt was intended to bring the jurisdiction of county courts back to the consistent construction of this court up to that time.

In the instant case the complaint alleges no reason and no facts indicating any reason why the county court would not "afford a remedy as adequate, complete, or efficient as the circuit court." The circuit court, therefore, was in error in assuming jurisdiction.

We therefore hold that, unless it is made to appear that the county court before which an estate is being administered cannot afford as adequate, complete, and efficient a remedy

as the circuit court, the circuit court should not assume jurisdiction, and to do so will be treated as reversible error. Anything to the contrary in former opinions must be considered as overruled.

However, in view of the facts that the parties have been put to the expense of a trial; that all the facts are before us for determination; that dismissing the appeal will work injustice on all parties concerned; and that under prior decisions of this court the question of jurisdiction was in much doubt and uncertainty, a final disposition of the case should be made at this time. It is not a case where the circuit court was wholly without jurisdiction, but was one where the court should not have taken jurisdiction.

However, the instant case has been fully presented in this court. It is apparent that sooner or later the questions at issue must be here decided. It will save the estate large expense and much delay if we dispose of it now on the merits. In view of the unsatisfactory history of the decisions in this court on concurrent jurisdiction, it cannot be said that the plaintiff or the court was obviously wrong in assuming that the circuit court had jurisdiction.

In the interest of justice, and following the spirit of secs. 269.51, 274.35, and 274.37, Stats., as the court was not wholly without jurisdiction but only in error in assuming jurisdiction, we have concluded to deny the motion to dismiss the appeal. *Will of Weidman,* 189 Wis. 318, 324, 207 N. W. 950.

In the consideration of the case on the merits, the following questions are presented:

1. The right of the impleaded defendant Hortense Cawker Merrill to appeal.

2. Whether the will worked a conversion of the real estate into personal property.

3. Whether the powers of appointment in the will were valid, and, if so, their effect.

4. The duty of the executors.

### 1.

The right of the defendant Merrill to appeal depends upon the determination of the other questions involved. If the powers of appointment are valid, she may never come into an estate in possession but she may have a vested remainder. 23 Ruling Case Law, p. 511; *Roberts v. Roberts,* 102 Md. 131, 62 Atl. 161, 1 L. R. A. N. S. 782. If the powers of appointment are invalid, she may take under the will the whole estate. In either event, being a party to the judgment below, she will be bound thereby if she abides by it without appeal. The motion to dismiss the appeal preliminary to a consideration of the case on the merits is denied.

### 2.

The circuit court held that the testator intended that his real estate should be converted into personal property, and that the will worked such conversion as of the moment of his death. There are no express provisions of the will commanding the executors to sell the real estate or to convert it into personal property, but the will provided for some large cash disbursements, and then required the division of the estate into two equal or equivalent parts, the same to be held in trust, the income therefrom to be paid over to the beneficiaries named during their lives. These provisions are very similar in that respect to those of the will in *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650, in which case this court held the will worked conversion of real estate into personal property by necessary implication. It is unnecessary to recite the provisions of the will in detail. We think *Becker v. Chester, supra,* and cases there cited controlling, and that the judgment of the county court to that effect must be affirmed.

### 3.

The appellant contends that the powers of appointment in the will are void; that our statute, ch. 232, expressly abolishes all powers not therein particularly authorized, and that the

only authorized powers are those pertaining to real estate. Secs. 232.01 and 232.19, Stats., read as follows:

"232.01. Powers, except as authorized and provided for in this chapter, are abolished; and the creation, construction and execution of powers shall be governed by the provisions herein contained."

"232.19. No beneficial power, general or special, hereafter to be created, other than such as are enumerated and defined in the preceding sections of this chapter, shall be valid."

The chapter is entitled in the statutes "Powers," and it is embraced with four other chapters under the general title "Real Property, and the Nature and Qualities of Estates Therein."

The chapters all deal particularly with real estate. But we are met with the fact that our statute was borrowed literally from New York. At the time it was here enacted the New York statute had not been construed by the courts of that state on the point in issue here, but since then, in *Cutting v. Cutting,* 86 N. Y. 522, which has ever since been followed in that state, it is held that the statute applies alike to real estate and personal property. In that case the reasons pro and con are admirably stated by the Chief Justice, to which reference is made without here repeating them. It seems that it better serves the reasons of the law and public policy to so construe the statute. The Chief Justice hesitated to agree with his associates in this respect, but yielded and the judgment was unanimous. So, here, we might hesitate to follow New York but for the fact that that opinion has evidently been accepted by the profession as the law since 1881, when it was given. However, we feel that the Chief Justice's final conclusion is supported by sound logic, for, as he said:

"Clearly in the nature of things there is no reason why a gift or bequest of personal property, with a power of disposition, should not be measured by the same rule as a grant or

devise of real estate with the same power. Nor is there cited or suggested any express provision of statute law that stands in the way of the application of the rule of the Revised Statutes to both kinds of property. . . . It is the duty of courts of justice to endeavor to preserve an analogy between estates and interests in land and the income thereof, and similar interests in personal property. . . ."

The court granted judgment accordingly. This accords with the view of this court in a case where we had a very similar question before us. *Will of Zweifel,* 194 Wis. 428, 216 N. W. 840. There we said:

"The statute [sec. 232.08] only applies to real estate, but we think the statute shows the legislative purpose, which ought to be followed in the disposition of personalty."

While we do not consider the appellant foreclosed by that expression, made when we did not have the benefit of argument on the precise question here before us, it coincides with the views of the court in the *Cutting Case, supra,* and the reasoning there seems to be sound. But if we were to hold that ch. 232 applies only to real property, then it would naturally follow that powers as to personal property were not regulated or abolished by that chapter; therefore the common law would prevail in this state. At common law, powers generally were effective both as to personal property and real estate. 21 Ruling Case Law, pp. 772, 773, and cases cited; 31 Cyc. pp. 1038, 1039, and cases cited.

We hold that our statute on powers, derived by adoption from New York, should have the same interpretation here as there, and applies the same rule to both real and personal property.

4.

The will provides that each daughter of the testator shall have the power of appointment by her will, whereby she may give or devise the estate to any beneficiary she may choose, as follows:

"Upon the death of my said daughter . . . to pay over

the principal sum of said one-half part of my said residuary estate to such person or persons as my said daughter . . . shall by her last will and testament appoint."

These daughters are given the income from the estate during life, each one half. This is a life estate (*Bradbury v. Jackson,* 97 Me. 449, 460, 54 Atl. 1068; 21 Corp. Jur. 1038), though a life estate generally refers to an interest in real property. Bouvier, Law Dict. So it is claimed by the plaintiff-respondent that, having the power of appointment whereby they may dispose by will of the whole estate absolutely, and having a life estate, the two estates merge, and the daughters have the complete or absolute title in the property. She cites *Barford v. Street,* 16 Ves. Jr. 135. The estate in that case included both personal and real property. The Master of the Rolls said: "An estate for life with an unqualified power of appointing the inheritance comprehends every thing."

That case is in point if the daughters took an absolute life estate; yet we do not feel bound by it. It is not a part of the common law, being decided in 1809. The courts in this country have uniformly tried to give effect to the intent of the testator where that intent is ascertainable, unless it is contrary to some statute or other positive law.

Here the estate is given to trustees to hold for the life of the beneficiaries. They are to invest the corpus and pay over the income only. The testator's intent is manifest. He desired to put the corpus beyond the reach of such legatees so that they might have an assured income for life. So he tried to put it beyond their power to dispose of the estate during their life. While he gave an absolute power of appointment, he reserved to himself the naming of the line of descent, should they fail to exercise the power, and thus gave to appellant a vested remainder, subject to be defeated only by the exercise of the powers of appointment. 23 Ruling Case Law, 511; *Roberts v. Roberts,* 102 Md. 131, 62 Atl. 161, 1 L. R. A. N. s. 782 and note. This should be held to

effectively prevent an absolute estate in such legatees. If not, the testator's will would be frustrated and his benevolent design set at naught. *Bradbury v. Jackson,* 97 Me. 449, 54 Atl. 1068. The powers of appointment are not the powers of absolute disposition of the estate.

In *Wynn v. Bartlett,* 167 Mass. 292, 45 N. E. 752, it was held that if there is nothing in a will to show an intention that anything should be paid to a legatee, except the income, during life, the fund, upon his death, falls into the residue. Nothing in the will of the testator here indicates that the daughters were ever to come into possession of any part of the corpus of the estate, and they might die without exercising the powers of appointment.

The plaintiff-respondent relies upon the statute, secs. 232.08, 232.10, and 232.11, as sustaining her contention that she took full title to the property by force of law, irrespective of the actual intention of the testator. Sec. 232.08 reads:

"232.08. When an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or for years such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power should not be executed or the lands should not be sold for the satisfaction of the debts."

This section does not govern the situation here, under the statutes as interpreted by the *Cutting Case.* The New York statute followed the suggestions of the revisers of statutes, who by their notes interpreted the language of the law. In the *Cutting Case* this is made plain. The court says:

"The revisers say, that in reason and sense there is no distinction between the absolute power of disposition and the absolute ownership (5 Edm. Stat. at Large, 327); and that it is an affront to common sense, to say that a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure. (Id. 328.) Let us notice here, however, that the terms used by the revisers do

not include a power to appoint by will; they speak of a power to a man 'to sell when he chooses, and to dispose of the proceeds at his pleasure.' And so when they came to draft the law to carry out their purpose, they use the phrase 'absolute power of disposition,' but confine it to a power by which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit."

The powers of appointment did not give the absolute power of disposition to the owners of the life estate. Hence the statute does not apply.

Neither do sections 232.10 or 232.11 apply. They read:

"232.10. In all cases where such power of disposition is given and no remainder is limited on the estate of the grantee of the power such grantee shall be entitled to an absolute fee."

"232.11. When a general and beneficial power to devise the inheritance shall be given to a tenant for life or for years such tenant shall be deemed to possess an absolute power of disposition within the meaning and subject to the provisions of sections 232.08 to 232.10."

These sections depend on the quality of the estate the grantees of the power of appointment have by virtue of the will. Sec. 232.08 refers to *"an absolute power of disposition* . . . given to the owner of any estate."

Sec. 232.10 is made dependent on sec. 232.08 referring to such power as defined in sec. 232.08, *i.e.* the absolute power of disposition. Neither is the power a general power, as defined in sec. 232.05, but is a special power under sub. (2), sec. 232.06, because it embraces an interest less than a fee. It follows that there is nothing in the statutes cited to prevent giving full effect to the testator's intent.

### 5.

The plaintiff-respondent, in her notice for a review of the judgment, requests:

"A review of the rulings and action of said circuit court in failing to adjudge that the said respondent has, by virtue of the power given to her in and by the last will and testa-

ment of E. Harrison Cawker, deceased, the absolute power of disposition of her one-half interest in and to the residuary estate of said deceased."

By reference to the prayer of the complaint it will be seen that this request was not presented to the trial court nor considered by the court. No exceptions were taken to the findings or judgment in this regard, and we think it best to leave this question open for the consideration of the county court upon a proper presentation to that court.

*By the Court.*—The judgment of the circuit court is affirmed.